IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
                                         :

*In re:*                            :         **Chapter 15**

                                          :

**ESSAR STEEL ALGOMA INC.,** *et al.,*[1]    :     **Case No. 15–_____ (  )**

                                          :

         **Debtors in a foreign proceeding.**    :     **(Joint Administration Requested)**

                                          :
------------------------------------------------------------- x

### MOTION OF FOREIGN REPRESENTATIVE FOR ENTRY OF ORDER SCHEDULING HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE PURSUANT TO SECTIONS 1515 AND 105(a) OF BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 9007

Essar Steel Algoma Inc. ("**Algoma Canada**"), in its capacity as the foreign representative (the "**Foreign Representative**") of the above-captioned debtors (collectively, "**Algoma**" or the "**Debtors**"), who have filed an application in a foreign proceeding (the "**CCAA Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**"), respectfully represents:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  These cases have been

---

[1] The Debtors in the foreign proceeding and the last four digits of each Debtor's United States Tax Identification Number, Canadian Business Number, or Provincial Corporation Number, as applicable, are as follows: Essar Steel Algoma Inc. (0642), Essar Steel Algoma Inc. USA (8788), Essar Steel Algoma (Alberta) ULC (6883), Essar Tech Algoma Inc. (8811), and Cannelton Iron Ore Company (9965).  The Debtors' principal offices are located at 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada.

properly commenced pursuant to 11 U.S.C. § 1504 by the filing of petitions for recognition of

the CCAA Proceeding pursuant to 11 U.S.C. § 1515 of the Bankruptcy Code.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and

pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the*

*United States Bankruptcy Court for the District of Delaware* (the "**Local Rules**"), Algoma

consents to the entry of a final order by the Court in connection with this Motion to the extent

that it is later determined that the Court, absent consent of the parties, cannot enter final orders or

judgments consistent with Article III of the United States Constitution.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

**Relief Requested**

4.     Pursuant to sections 1515 and 105(a) of title 11 of the United States Code

(the "**Bankruptcy Code**") and Rules 2002 and 9007 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), the Foreign Representative seeks entry of an order,

substantially in the form annexed hereto as **Exhibit A** (the "**Order**"): (a) approving the proposed

notice, annexed to the Order as **Exhibit 1** (the "**Recognition Hearing Notice**"), of (i) the filing

of the verified petitions for recognition under chapter 15 of the Bankruptcy Code (the

"**Petitions**") and certain related pleadings, including the *Motion of Foreign Representative for*

*Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceedings and*

*Certain Related Relief Pursuant to Sections 362, 364(e), 365, 1517, 1519, 1520, 1521, and*

*105(a) of Bankruptcy Code* (the "**Recognition and Relief Motion**"), (ii) the Court's entry of a

provisional order (the "**Provisional Order**") recognizing and enforcing in the United States, on

an interim basis, the interim order issued on November 9, 2015 by the Canadian Court (the

"**CCAA Initial Order**"), and granting other relief sought in the Recognition and Relief Motion,

(iii) the deadline to object to the Petitions and the Court's entry of a final order (the "**Final**

2

**Order**") granting the relief sought in the Recognition and Relief Motion on a final basis (the

"**Recognition Objection Deadline**"), and (iv) the hearing for the Court to consider the Petitions

and the relief sought in the Recognition and Relief Motion on a final basis (the "**Recognition**

**Hearing**"); (b) approving the manner of service of the Recognition Hearing Notice;

(c) approving the manner of service on the Master Service List (as defined below) of any

pleadings that the Foreign Representative files in these chapter 15 cases; and (d) granting certain

related relief.

5.     In support of this Motion, the Foreign Representative refers the Court to

the statements and arguments contained in the (a) *Declaration of J. Robert Sandoval in Support*

*of (I) Verified Chapter 15 Petitions; (II) Foreign Representative's Motion for Orders Granting*

*Provisional and Final Relief in Aid of Foreign Main Proceeding; and (III) Certain Related Relief*

(the "**Sandoval Declaration**"), (b) *Declaration of John Ciardullo in Support of Verified Chapter*

*15 Petitions and Motion of Foreign Representative for Entry of Provisional and Final Orders*

*Granting Recognition of Foreign Main Proceeding* (the "**Ciardullo Declaration**"),

(c) Recognition and Relief Motion and (d) *Memorandum of Law of Foreign Representative in*

*Support of (I) Verified Chapter 15 Petitions and (II) Motion of Foreign Representative for*

*Orders Granting Provisional and Final Relief in Aid of Foreign Main Proceeding* (the

"**Memorandum of Law**"), which were filed contemporaneously herewith and are incorporated

herein by reference.

### Background

6.     On November 9, 2015, Algoma commenced the CCAA Proceeding in the

Canadian Court and the Canadian Court entered the CCAA Initial Order granting certain relief in

connection with the CCAA Proceeding.

7.      Subsequently, on the date hereof (the "**Commencement Date**"), the Foreign Representative commenced these chapter 15 cases by filing, among other things, the Petitions seeking recognition by the Court of the CCAA Proceeding as the foreign main proceeding under chapter 15 of the Bankruptcy Code in respect of each of the Debtors.

8.      Contemporaneously herewith, the Foreign Representative filed a motion seeking joint administration of the Debtors' chapter 15 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

### Algoma's Business

9.      Algoma operates one of the largest integrated steel manufacturing facilities in Canada, producing high-quality steel and steel products for customers throughout North America.  In 2015, approximately 50% of Algoma's steel products were sold to customers located in Canada, and the other 50% to customers located in the United States ("**U.S.**").  Algoma primarily manufactures two types of products, sheet and strip steel and plate steel, which it markets and sells directly to its customers or to steel service centers who distribute them to buyers in the automotive, construction, and heavy equipment markets.  Algoma's headquarters and primary operations are located in Sault Ste. Marie, Ontario, Canada, but it also maintains a U.S. presence and employs U.S. employees.

10.      Additional information about Algoma's business, capital structure and the circumstances leading to the commencement of the CCAA Proceeding and these cases can be found in the Sandoval Declaration, Ciardullo Declaration, Recognition and Relief Motion and Memorandum of Law.

## Recognition Hearing Notice

11.      Pursuant to Bankruptcy Rule 2002(q), the Foreign Representative

proposes to serve the Recognition Hearing Notice, the Recognition and Relief Motion (including

the proposed Final Order), the Memorandum of Law, the Provisional Order, and the CCAA

Initial Order by U.S. or Canadian mail, first class postage prepaid within five (5) business days

of the later of (a) the entry of the Order, and (b) entry of the Provisional Order, on the following

parties, or their counsel, if known (collectively, the "**Notice Parties**"): (i) all persons or bodies

authorized to administer foreign proceedings of the Debtors; (ii) all entities against whom

provisional relief is being sought pursuant to section 1519 of the Bankruptcy Code, including,

but not limited to, all known creditors of the Debtors, with certain exceptions;[2] (iii) all parties to

litigation pending in the U.S. to which the Debtors are a party at the time of the filing of the

Petitions; (iv) the Office of the United States Trustee for the District of Delaware; (v) White &

Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787 (Attn: Scott Greissman,

Esq. and Andrew Ambruoso, Esq.), counsel to Deutsche Bank AG, New York Branch, in its

capacity as administrative and collateral agent under that certain Prepetition Term Loan

Agreement, and to Deutsche Bank AG, Canadian Branch, in its capacity as administrative and

collateral agent under that certain Prepetition Revolving ABL Facility; (vi) Wilmington Trust,

National Association, 246 Goose Lane, Suite 105, Guilford, CT 06437 (Attn: Essar Steel

Algoma Senior Notes Administrator), as trustee and collateral agent for the 9.5% Senior Secured

---

[2] The Debtors' Canadian employees and retirees, as well as Canadian regulatory bodies and lessors of property located in Canada, are excluded from this list of Notice Parties.  The Debtors' Canadian employees and retirees will receive notice of the CCAA Proceeding and these chapter 15 cases by letter from Algoma Canada, the employer.  The Canadian regulatory bodies will receive either actual notice by mail or constructive notice by publication of the CCAA Proceeding.  The lessors of property located in Canada will receive constructive notice by publication of the CCAA Proceeding and may receive actual notice pursuant to the CCAA Initial Order.  Each of the Canadian regulatory bodies and the Canadian lessors will be bound by the terms of the CCAA Initial Order, regardless of whether they receive actual notice of these chapter 15 cases.

Notes; (vii) Wilmington Trust, National Association, 246 Goose Lane, Suite 105, Guilford, CT 06437 (Attn: Essar Steel Algoma Junior Notes Administrator), as trustee and collateral agent for the 14% Junior Secured PIK Notes; (viii) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Alan W. Kornberg, Esq., Brian Hermann, Esq. and Catherine Goodall, Esq.) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan, Esq. and Maris J. Kandestin, Esq.), counsel to the ad hoc group of noteholders of the 9.5% Senior Secured Notes; (ix) Cassels Brock & Blackwell LLP, 2100 Scotia Plaza, 40 King Street West, Toronto, Ontario, M5H 3C2 (Attn: Ryan C. Jacobs), counsel to the ad hoc group of noteholders of the 14% Junior Secured PIK Notes; (x) Davis Polk & Wardwell, LLP, 450 Lexington Avenue, New York, New York, 10017 (Attn: Damian Schaible, Esq.), counsel to certain Prepetition Term Loan Lenders; (xi) Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Gerard Uzzi, Esq.), counsel to Essar Global Fund Limited; (xii) Ernst & Young Inc., 222 Bay Street, Toronto, Ontario M5K 1J7 (Attn: Brian M. Denega and Alex F. Morrison), the proposed Monitor in the CCAA Proceeding; and (xiii) all other parties which have requested notice in these cases as of the date of such service.

12.    The Recognition Hearing Notice will: (a) notify the Notice Parties of the filing of the Petitions and certain related pleadings pursuant to chapter 15 of the Bankruptcy Code; (b) include a copy of the Recognition and Relief Motion (including the proposed Final Order), Memorandum of Law, Provisional Order, and CCAA Initial Order; and (c) set forth the Recognition Objection Deadline and the date and time of the Recognition Hearing.

**Notice of Appearance**

13. In the event any party files a notice of appearance in these chapter 15 cases subsequent to the Foreign Representative's initial service of the Recognition Hearing Notice as provided for above, but prior to the Recognition Hearing, the Foreign Representative will serve the Recognition Hearing Notice on such party within five (5) business days of the filing of such notice of appearance to the extent the Foreign Representative has not already done so.

**Master Service List**

14. The Foreign Representative proposes to serve all pleadings that it files in these cases by U.S. or Canadian mail, first class postage prepaid, on the following parties, or their counsel, if known: (a) all persons or bodies authorized to administer foreign proceedings of the Debtors; (b) principal parties that have appeared in the CCAA Proceeding as of the date of service of the relevant pleading; (c) the Office of the United States Trustee for the District of Delaware; (d) White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787 (Attn: Scott Greissman, Esq. and Andrew Ambruoso, Esq.), counsel to Deutsche Bank AG, New York Branch, in its capacity as administrative and collateral agent under that certain Prepetition Term Loan Agreement, and to Deutsche Bank AG, Canadian Branch, in its capacity as administrative and collateral agent under that certain Prepetition Revolving ABL Facility; (e) Wilmington Trust, National Association, 246 Goose Lane, Suite 105, Guilford, CT 06437 (Attn: Essar Steel Algoma Senior Notes Administrator), as trustee and collateral agent for the 9.5% Senior Secured Notes; (f) Wilmington Trust, National Association, 246 Goose Lane, Suite 105, Guilford, CT 06437 (Attn: Essar Steel Algoma Junior Notes Administrator), as trustee and collateral agent for the 14% Junior Secured PIK Notes; (g) Paul, Weiss, Rifkind, Wharton &

Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Alan W. Kornberg, Esq., Brian Hermann, Esq. and Catherine Goodall, Esq.) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan, Esq. and Maris J. Kandestin, Esq.), counsel to the ad hoc group of noteholders of the 9.5% Senior Secured Notes; (h) Cassels Brock & Blackwell LLP, 2100 Scotia Plaza, 40 King Street West, Toronto, Ontario, M5H 3C2 (Attn: Ryan C. Jacobs), counsel to the ad hoc group of noteholders of the 14% Junior Secured PIK Notes, (i) Davis Polk & Wardwell, LLP, 450 Lexington Avenue, New York, New York, 10017 (Attn: Damian Schaible, Esq.), counsel to certain Prepetition Term Loan Lenders; (j) Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Gerard Uzzi, Esq.), counsel to Essar Global Fund Limited; (k) Ernst & Young Inc., 222 Bay Street, Toronto, Ontario M5K 1J7 (Attn: Brian M. Denega and Alex F. Morrison), the proposed Monitor in the CCAA Proceeding; (l) the Office of the Delaware Secretary of State; (m) the Internal Revenue Service; (n) the Securities and Exchange Commission; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Master Service List**").

**Relief Requested Should be Granted**

15.     Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21-days' notice of a hearing to consider granting the relief requested in a chapter 15 petition.  Fed. R. Bankr. P. 2002(q)(1).

16.     Bankruptcy Rule 2002(m) provides that "the court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by [the Bankruptcy Rules]." Fed. R. Bankr. P. 2002(m).

17.     Bankruptcy Rule 9007 provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."  Fed. R. Bankr. P. 9007.  Further, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by the Foreign Representative.[3]

18.     Under the facts and circumstances of Algoma's chapter 15 cases, the Foreign Representative submits that service of the Recognition Hearing Notice in the manner proposed herein will provide the Notice Parties with due and sufficient notice of the relief requested in the Recognition and Relief Motion and associated objection deadline and hearing dates.  The Notice Parties will include all parties contained on the list compiled by the Foreign Representative in accordance with and pursuant to Bankruptcy Rule 1007(a)(4), which list shall be filed with the Court.

19.     Service by the Foreign Representative of all pleadings that it files in these chapter 15 cases by U.S. or Canadian mail, first class postage prepaid, on the Master Service List is an efficient and effective way to provide notice to such key parties in these cases and the CCAA Proceeding.  At the same time, it will not over-burden the Foreign Representative with the significant costs associated with copying and mailing all the various documents filed in these cases to the entire matrix of putative creditors and other parties.

20.     Accordingly, the Foreign Representative requests that the Court declare that service to the Notice Parties of the Recognition Hearing Notice, the Recognition and Relief Motion (including the proposed Final Order), the Memorandum of Law, the Provisional Order and the CCAA Initial Order, as proposed herein, is due and sufficient notice and constitutes

---

[3] Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]."

adequate service on all interested parties of the filing of the Petitions, the Recognition and Relief Motion, the Court's entry of the Provisional Order, and the proposed Final Order.

21.    Bankruptcy Rule 1011(b) provides, among other things, that a party objecting to a petition to commence a proceeding under chapter 15 of the Bankruptcy Code has 21 days from the date of service of the summons to respond thereto.  Fed. R. Bankr. P. 1011(b). The Foreign Representative believes that the reference to a "summons" in Bankruptcy Rule 1011(b) is inapplicable because the summons requirement of Bankruptcy Rule 1011 does not apply to petitions for recognition of foreign main proceedings in these cases.  Accordingly, the Foreign Representative requests the Court to declare that no summons is required under Bankruptcy Rule 1011(b).

22.    Finally, section 1514 of the Bankruptcy Code contains certain provisions regarding notification to foreign creditors.  It is not clear, however, that section 1514 of the Bankruptcy Code has any application in the context of an ancillary case under chapter 15 of the Bankruptcy Code.  According to Collier, section 1514 of the Bankruptcy Code is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15." 8 COLLIER ON BANKRUPTCY ¶ 1514.01 (Alan N. Resnick, *et al.*, 16th ed. rev. 2009). Indeed, the requirements for notification set forth in section 1514 are at variance with those requirements set forth under Bankruptcy Rule 2002(q) which clearly applies to a case under chapter 15 and with which the Foreign Representative shall comply.  For these reasons, the Foreign Representative does not believe that the requirements set forth in section 1514 apply to these cases; however, out of an abundance of caution, the Foreign Representative respectfully requests that, to the extent applicable, the notice requirements of section 1514 of the Bankruptcy Code be waived in these chapter 15 cases.

23.     The Court has granted requests for similar relief under section 1514(c) in other chapter 15 cases.  *See e.g., In re Energy Coal S.P.A.*, No. 15-12048 (LSS) (Bankr. D. Del. Oct. 8, 2015) [D.I. 25] (order stating that all notice requirements specified in section 1514(c) are waived or otherwise deemed inapplicable to the chapter 15 cases); *In re Zodiac Pool Solutions SAS*, No. 14-11818 (KJC) (Bankr. D. Del. Aug. 1, 2014) [D.I. 19] (order stating that all notice requirements specified in section 1514(c) of the Bankruptcy Code are waived); *In re Essar Steel Algoma Inc.*, No. 14-11730 (BLS) (Bankr. D. Del. July 17, 2014) [D.I. 30] (order stating that all notice requirements specified in section 1514(c) are waived or otherwise deemed inapplicable to the chapter 15 cases); *In re Lone Pine Res. Inc.*, No. 13-12487 (BLS) (Bankr. D. Del. Sept. 26, 2013) [D.I. 17] (same);  *In re Arctic Glacier Int'l Inc.*, No. 12-10605 (KG) (Bankr. D. Del. Feb. 23, 2012) [D.I. 30] (same); *In re Angiotech Pharm. Inc.*, No. 11-10269 (KG) (Bankr. D. Del. Jan. 31, 2011) [D.I. 25] (same); *In re Nortel Networks UK Ltd.*, No. 09-11972 (KG) (Bankr. D. Del. June 11, 2009) [D.I. 56] (same); *In re MAAX Corp.*, No. 08-11443 (CSS) (Bankr. D. Del. July 15, 2008) [D.I. 21] (order waiving all notice requirements specified in section 1514(c) of the Bankruptcy Code).

24.     To the extent that there is a claims process established in the CCAA Proceeding, the Foreign Representative will comply with any relevant orders issued by the Canadian Court with respect to providing notice of any applicable deadlines or procedures for the filing of claims.

## <u>Notice</u>

25.     Notice of this Motion shall be given to the Master Service List.  In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required.

**No Prior Request**

26.    No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Foreign Representative respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: November 9, 2015
        Wilmington, Delaware

/s/ Mark D. Collins
RICHARDS, LAYTON & FINGER, P.A.

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Amanda R. Steele (No. 5530)
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          collins@rlf.com
Email:          defranceschi@rlf.com
Email:          steele@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP

Ray C. Schrock, P.C. (*pro hac vice* pending)
Matthew S. Barr (*pro hac vice* pending)
767 Fifth Avenue
New York, New York  10153
Telephone:      (212) 310-8000
Facsimile:      (212) 310-8007
Email:          ray.schrock@weil.com
Email:          matt.barr@weil.com

*Attorneys for the Foreign Representative*

**EXHIBIT A**

**Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
                                      :
In re:                                :        Chapter 15
                                      :
ESSAR STEEL ALGOMA INC., et al.,[1]   :        Case No. 15– _____ (      )
                                      :
                                      :
      Debtors in a foreign proceeding. :        (Joint Administration Requested)
                                      :
------------------------------------------------------------- x
```

### ORDER SCHEDULING HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE PURSUANT TO SECTIONS 1515 AND 105(a) OF BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 9007

Upon the motion (the "**Motion**")[2] of Essar Steel Algoma Inc. ("**Algoma Canada**"), the

foreign representative (the "**Foreign Representative**") of the above-captioned debtors

(collectively, "**Algoma**" or the "**Debtors**"), for entry of an order pursuant to sections 1515 and

105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 9007

of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), scheduling a hearing

and specifying the form and manner of service of notice (the "**Order**"), all as more fully

described in the Motion; and this Court having jurisdiction to consider the Motion pursuant to

28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United*

*States District Court for the District of Delaware*, dated as of February 29, 2012; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b)(2)(P); and Algoma having consented to the Court's authority to enter a final

---

[1] The Debtors in the foreign proceeding and the last four digits of each Debtor's United States Tax Identification Number, Canadian Business Number, or Provincial Corporation Number, as applicable, are as follows: Essar Steel Algoma Inc. (0642), Essar Steel Algoma Inc. USA (8788), Essar Steel Algoma (Alberta) ULC (6883), Essar Tech Algoma Inc. (8811), and Cannelton Iron Ore Company (9965). The Debtors' principal offices are located at 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

order consistent with Article III of the United States Constitution; and venue being proper before

this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the Motion having been

provided; and it appearing that no other or further notice need be provided; and a hearing having

been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Sandoval

Declaration, Ciardullo Declaration, Recognition and Relief Motion, and Memorandum of Law,

filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings

had before the Court; and it appearing that the relief requested by the Motion is in the best

interest of the Debtors, their estates, their creditors, and other parties in interest; and after due

deliberation and sufficient cause appearing therefor; it is hereby ORDERED that:

1.      The Motion is granted as set forth herein.

2.      The Recognition Hearing Notice, substantially in the form attached hereto

as **Exhibit 1**, is hereby approved.

3.      Service of the Recognition Hearing Notice in accordance with this Order

is hereby approved as adequate and sufficient notice and service on all interested parties.

4.      Prior to mailing the Recognition Hearing Notice, the Foreign

Representative may fill in any missing dates and other information, correct any typographical

errors, conform the provisions thereof to the provision of this Order and make such other and

further non-material, non-substantive changes as the Foreign Representative deems necessary or

appropriate.

5.      Bankruptcy Rule 1011 shall not apply to the petitions seeking recognition

of a foreign main proceeding and, therefore, the summons requirements in Bankruptcy Rule

1011(b) are inapplicable to Algoma's Petitions and the Recognition and Relief Motion and any

requirements under the Bankruptcy Code, the Bankruptcy Rules, or otherwise for notice thereof.

6.      All notice requirements specified in section 1514 of the Bankruptcy Code are hereby waived or otherwise deemed inapplicable to these cases.

7.      A hearing on the Recognition and Relief Motion is scheduled for **_____ __, 2015 at ___:___  __.m. (prevailing Eastern Time)**, or as soon thereafter as counsel shall be heard, in Courtroom __ of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, Delaware 19801.

8.      The Foreign Representative shall serve, or cause to be served, copies of the Recognition Hearing Notice and all exhibits thereto, which includes the Provisional Order, the CCAA Initial Order, the Recognition and Relief Motion (including the proposed Final Order), and the Memorandum of Law, by United States or Canadian mail, first-class postage-prepaid, on the Notice Parties within five (5) business days of the later of (a) entry of this Order and (b) entry of the Provisional Order, or as soon thereafter as practicable.

9.      The Foreign Representative shall serve, or cause to be served, the Recognition Hearing Notice and any subsequent notices upon any party that files a notice of appearance in these chapter 15 cases, within five (5) business days of the filing of such notice of appearance, or as soon thereafter as practicable, if such documents have not already been served on such party (or its counsel).

10.     The Foreign Representative shall serve, or cause to be served, all pleadings filed by the Foreign Representative in these chapter 15 cases on the Master Service List, including any party requesting to be added thereto, by United States or Canadian mail, first-class postage-prepaid.

11.     Responses or objections to the Petitions and the Recognition and Relief Motion and the relief requested therein must be made pursuant to the Bankruptcy Code, the

Bankruptcy Rules, and the Local Rules in writing and setting forth the basis therefore.  Such

responses must be filed with the United States Bankruptcy Court for the District of Delaware,

824 N. Market Street, Wilmington, Delaware 19801, and served upon counsel for the Foreign

Representative so as to be **actually received** no later than _____ __, **2015, at ___:___**

**__.m. (prevailing Eastern Time)**.  Notices to counsel for the Foreign Representative should be

addressed to Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153,

Attention: Ray C. Schrock, P.C., Matthew S. Barr, Esq. and Kelly DiBlasi, Esq., and Richards,

Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware

19801, Attention: Mark Collins, Esq., Daniel J. DeFranceschi, Esq. and Amanda Steele, Esq.

12.     Notwithstanding any applicability of any Bankruptcy Rules, the terms and

conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     The Foreign Representative is authorized to take all actions necessary to

effectuate the relief granted pursuant to this Order in accordance with the Motion.

14.     This Court shall retain exclusive jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation and/or enforcement of this

Order.


Dated: _____, 2015                    _____
       Wilmington, Delaware                        UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Notice of Recognition Hearing**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------- x
                                            :
In re:                                      :        Chapter 15
                                            :
ESSAR STEEL ALGOMA INC., et al.,[1]         :        Case No. 15– _____ (     )
                                            :
                                            :
        Debtors in a foreign proceeding.    :        (Joint Administration Requested)
                                            :
----------------------------------------------------------- x
```

## RULE 2002 NOTICE OF (I) CHAPTER 15 PETITIONS, (II) MOTION OF FOREIGN REPRESENTATIVE FOR ENTRY OF PROVISIONAL AND FINAL ORDERS GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF AND (III) COURT'S INTENTION TO COMMUNICATE WITH FOREIGN COURT AND FOREIGN REPRESENTATIVE

**PLEASE TAKE NOTICE** that on November 9, 2015, Essar Steel Algoma Inc.

("**Algoma Canada**"), in its capacity as the foreign representative (the "**Foreign**

**Representative**") of the above-captioned debtors (collectively, the "**Debtors**") in a proceeding

(the "**CCAA Proceeding**") commenced under Canada's *Companies' Creditors Arrangement*

*Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), and currently pending before the Ontario

Superior Court of Justice (Commercial List) (the "**Canadian Court**"), filed (i) petitions for relief

(the "**Petitions**") under chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532

(the "**Bankruptcy Code**"), and (ii) the *Motion of Foreign Representative for Entry of*

*Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain*

*Related Relief Pursuant to Sections 362, 364(e), 365, 1517, 1519, 1520, 1521, and 105(a) of*

*Bankruptcy Code* (the "**Recognition and Relief Motion**"), seeking recognition of the CCAA

---

[1] The Debtors in the foreign proceeding and the last four digits of each Debtor's United States Tax Identification Number, Canadian Business Number, or Provincial Corporation Number, as applicable, are as follows: Essar Steel Algoma Inc. (0642), Essar Steel Algoma Inc. USA (8788), Essar Steel Algoma (Alberta) ULC (6883), Essar Tech Algoma Inc. (8811), and Cannelton Iron Ore Company (9965).  The Debtors' principal offices are located at 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada.

Proceeding as a foreign main proceeding pursuant to section 1515 of the Bankruptcy Code and other related relief, in the United States Bankruptcy Court for the District of Delaware (the **"Bankruptcy Court"**).  Parties can obtain a copy of all documents filed electronically with the Court in this case and relevant documents filed with the Canadian Court in the CCAA Proceeding, and find important dates and deadlines free of charge by visiting the websites maintained by the Debtors' notice and claims agent, Prime Clerk LLC, at http://cases.primeclerk.com/EssarSteel (for the Recognition Proceeding) and the Debtors' court-appointed monitor, Ernst & Young Inc., at www.ey.com/ca/essaralgoma (for the Canadian Proceeding).  Copies of the Recognition and Relief Motion and the *Memorandum of Law of Foreign Representative in Support of (I) Verified Chapter 15 Petitions and (II) Motion of Foreign Representative for Orders Granting Provisional and Final Relief in Aid of Foreign Main Proceeding* (the "**Memorandum of Law**") are attached hereto as **Exhibit 1** and **Exhibit 2.**

PLEASE TAKE FURTHER NOTICE that, on [_____] [__], 2015, the Bankruptcy Court entered an Order Directing Joint Administration of the Debtors' Chapter 15 Cases [D.I. __ ] under Case No. 15-[__] ([__]).

PLEASE TAKE FURTHER NOTICE that, on [_____] [__], 2015, the Bankruptcy Court entered that certain order granting provisional, injunctive, and related relief pursuant to, among others, sections 105(a) and 1519 of the Bankruptcy Code [D.I. __ ] (the "**Provisional Order**").  The Provisional Order, among other things, enjoins actions in the United States in contravention of orders of the Canadian Court in the CCAA Proceeding from the entry of such Provisional Order through and including the date of the Recognition Hearing (as defined below).  A copy of the Provisional Order is attached hereto as **Exhibit 3**.

2

**PLEASE TAKE FURTHER NOTICE** that it is anticipated that the Bankruptcy Court will communicate directly with, or to request information or assistance directly from, the Canadian Court and Foreign Representative pursuant to section 1525 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that among other things, the Petitions seek the entry of an order granting recognition of the CCAA Proceeding.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has scheduled a hearing for [__:____ __.m. on _____ __,] **2015** to consider approval of the Petitions and granting of the relief requested by the Foreign Representative in the Recognition and Relief Motion on a final basis (the "**Recognition Hearing**"), including recognition of the CCAA Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code and giving full force and effect to orders entered in the CCAA Proceeding, including the initial order (the "**CCAA Initial Order**") entered on [_____ __,] 2015.  The CCAA Initial Order is annexed hereto as **Exhibit 4**.

**PLEASE TAKE FURTHER NOTICE** that any party-in-interest wishing to submit a response or objection to the Petitions or the relief requested by the Foreign Representative in the Recognition and Relief Motion, must do so in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and such response or objection must be in writing and set forth the basis therefor, which response or objection must be filed with the Office of the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, and shall be served upon United States counsel for the Foreign Representative: Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Ray Schrock, P.C., Matthew S. Barr, Esq. and Kelly DiBlasi, Esq., and Richards, Layton

& Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801,

Attention: Mark Collins, Esq., Daniel J. DeFranceschi, Esq. and Amanda Steele, Esq. **so as to be**

**actually received on or before 4:00 p.m. (prevailing Eastern Time) on [_____ __,]**

**2015.**

      **PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed and wishing

to object to the Debtors' Petitions or the relief requested by the Foreign Representative in the

Recognition and Relief Motion must appear at the Recognition Hearing at the time and place set

forth herein.[2]

      **PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned

from time to time without further notice other than a notice on the docket in these cases or an

announcement in open court of the adjourned date or dates of any adjourned hearing.

      **PLEASE TAKE FURTHER NOTICE** that hearings in this matter, including the

Recognition Hearing, shall take place at the United States Bankruptcy Court of the District of

Delaware, Room [ ___,] 824 N. Market Street, Wilmington, Delaware 19801.

---

[2] If such parties are not local counsel and are not seeking to introduce any evidence at the Recognition Hearing, then arrangements may be made through CourtCall, LLC to appear telephonically at the Recognition Hearing. All parties wishing to appear at the Recognition Hearing by telephone must, in accordance with the *Instructions for Telephonic Appearances Effective April 5, 2005, revised April 27, 2009*, contact CourtCall, LLC via telephone (for callers calling from within the United States of America: 866-582-6878; for callers calling from outside of the United States of America: 310-743-1886) or facsimile (for parties sending facsimiles from within the United States of America: 866-533-2946; for parties sending facsimiles from outside of the United States of America: 310-743-1850) by no later than noon (prevailing Eastern Time) on [_____ ___, 2015] to register their telephonic appearances.

**PLEASE TAKE FURTHER NOTICE** that, if no response or objection is timely filed and served as provided above, the Bankruptcy Court may grant the relief requested by the Foreign Representative without further notice or hearing.

Dated: November [__], 2015
      Wilmington, Delaware

                        _____

                        RICHARDS, LAYTON & FINGER, P.A.

                        Mark D. Collins (No. 2981)
                        Daniel J. DeFranceschi (No. 2732)
                        Amanda R. Steele (No. 5530)
                        One Rodney Square
                        920 North King Street
                        Wilmington, Delaware  19801
                        Telephone:    (302) 651-7700
                        Facsimile:    (302) 651-7701
                        Email:       collins@rlf.com
                        Email:       defranceschi@rlf.com
                        Email:       steele@rlf.com

                        -and-

                        WEIL, GOTSHAL & MANGES LLP

                        Ray C. Schrock, P.C. (*pro hac vice* pending)
                        Matthew S. Barr (*pro hac vice* pending)
                        767 Fifth Avenue
                        New York, New York  10153
                        Telephone:    (212) 310-8000
                        Facsimile:    (212) 310-8007
                        Email:       ray.schrock@weil.com
                        Email:       matt.barr@weil.com

                        *Attorneys for the Foreign Representative*

## Exhibit 1

**Recognition and Relief Motion**

**[TO BE FILED]**

## Exhibit 2

**Memorandum of Law**

**[TO BE FILED]**

**<u>Exhibit 3</u>**

**Provisional Order**

**[TO BE FILED]**

## Exhibit 4

**CCAA Initial Order**

**[TO BE FILED]**