**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
*In re:* : **Chapter 15**
:
**ESSAR STEEL ALGOMA INC.**, *et al.*,[1] : Case No. 15– 12271 (BLS)
:
:
Debtors in a foreign proceeding. : (Jointly Administered)
:
: Re: Docket No. 8
------------------------------------------------------------ x

**PROVISIONAL ORDER GRANTING
RECOGNITION OF FOREIGN MAIN PROCEEDING
AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS
362, 364(e), 365, 1517, 1519, 1520, 1521, AND 105(a) OF BANKRUPTCY CODE**

Upon the motion (the "**Motion**")[2] of Essar Steel Algoma Inc. ("**Algoma Canada**"), in its capacity as the authorized foreign representative (the "**Foreign Representative**") of the above-captioned debtors (collectively, "**Algoma**" or the "**Debtors**") who have filed an application in a foreign proceeding (the "**CCAA Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**"), pursuant to sections 362, 364(e), 365, 1517, 1519, 1520, 1521, and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") for entry of (a) a provisional order (this "**Order**"): (i) recognizing and enforcing in the United States (the "**U.S.**"), on an interim basis, the initial order issued on November 9, 2015, by the Canadian Court (the "**CCAA Initial Order**"),[3] including, without

---

[1] The Debtors in the foreign proceeding and the last four digits of each Debtor's United States Tax Identification Number, Canadian Business Number, or Provincial Corporation Number, as applicable, are as follows: Essar Steel Algoma Inc. (0642), Essar Steel Algoma Inc. USA (8788), Essar Steel Algoma (Alberta) ULC (6883), Essar Tech Algoma Inc. (8811), and Cannelton Iron Ore Company (9965). The Debtors' principal offices are located at 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] A copy of the CCAA Initial Order is attached to the Sandoval Declaration as **Exhibit A**.

limitation, the Canadian Court's decision (A) to authorize the Debtors to enter into and perform under that certain DIP Facility, and (B) to grant the DIP Lenders' Charge (as defined in the CCAA Initial Order), (ii) granting an interim stay of execution against the Debtors' assets and applying sections 362 and 365(e) of the Bankruptcy Code in these chapter 15 cases on an interim basis pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, (iii) granting the DIP Lenders certain protections afforded by section 364(e) of the Bankruptcy Code, and (iv) granting such other and further relief as this Court deems just and proper; and (b) a final order after notice and a hearing (the "**Final Order**") (i) granting the petitions in these cases and recognizing the CCAA Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the U.S. to the CCAA Initial Order, including any and all extensions, amendments and/or supplements thereto authorized by the Canadian Court and extending the protections of the Provisional Order to Algoma on a final basis, (iii) applying section 365 of the Bankruptcy Code in these chapter 15 cases on a final basis pursuant to section 1521 of the Bankruptcy Code, (iv) granting the DIP Lenders certain protections afforded by section 364(e) of the Bankruptcy Code, and (v) granting such other and further relief as this Court deems just and proper, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and Algoma having consented to the Court's authority to enter a final order consistent with Article III of the U.S. Constitution; and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of

the provisional relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Sandoval Declaration, the Ciardullo Declaration, the Memorandum of Law, and the verified chapter 15 petitions, filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

D. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

E.   The Foreign Representative has demonstrated a substantial likelihood of success on the merits that (a) the CCAA Proceeding is a "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, (b) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, (c) all statutory elements for recognition of the CCAA Proceeding are satisfied in accordance with section 1517 of the Bankruptcy Code, (d) upon recognition of the CCAA Proceeding as a foreign main proceeding, section 362 of the Bankruptcy Code will automatically apply in these chapter 15 cases pursuant to section 1520(a)(1) of the Bankruptcy Code, and (e) that application of section 365(e) on an interim basis to prevent contract counterparties from terminating their prepetition contracts with Algoma is entirely consistent with the injunctive relief afforded by the automatic stay under section 362.

F.   The Foreign Representative has demonstrated that (a) the commencement of any proceeding or action in the U.S. against Algoma and its business and all of its assets should be stayed pursuant to sections 1519, 1521, and 105(a) of the Bankruptcy Code, which protections, in each case, shall be coextensive with the provisions of section 362 of the Bankruptcy Code, to permit the fair and efficient administration of the CCAA Proceeding, including an orderly marketing and sale process for all or substantially all of the assets and property (or an investment in the business) of the Debtors and/or a reorganization pursuant to a plan of compromise or arrangement, pursuant to the CCAA Initial Order and any other applicable orders of the Canadian Court, for the benefit of all stakeholders, and (b) the relief requested in the Motion will neither cause an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of the relief granted herein.

G.  The Foreign Representative has demonstrated that Algoma has assets in the U.S., including valuable customer and supplier contracts governed by U.S. law, and that each of the Debtors is either a primary obligor under or guarantor of Algoma's prepetition debt obligations, which are governed by U.S. Law.

H.  The Foreign Representative has demonstrated that without the protection of sections 362 and 365(e) of the Bankruptcy Code, there is a material risk that counterparties to certain of Algoma's contracts and creditors under Algoma's prepetition debt instruments may take the position that the commencement of the CCAA Proceeding or these chapter 15 cases authorizes them to terminate such contracts or accelerate obligations or exercise remedies thereunder. Such termination or acceleration will severely impair Algoma's restructuring efforts and result in irreparable damage to Algoma's business and the value of Algoma's assets, and substantial harm to Algoma's creditors and other parties in interest.

I.  The Foreign Representative has demonstrated to the Canadian Court and the Canadian Court found that the incurrence of indebtedness under the DIP Facility, and the granting of the liens and charges negotiated in connection with the DIP Facility, are necessary to prevent irreparable harm to Algoma because, without such financing, Algoma will be unable to continue operations or fund its restructuring proceedings, which will significantly impair the value of its assets.

J.  The Foreign Representative has demonstrated to the Canadian Court and the Canadian Court found that the terms of the DIP Facility are fair and reasonable and were entered into in good faith by Algoma and the DIP Lenders, and the Foreign Representative has demonstrated that the DIP Lenders would not have extended financing without the provisions of this Order and protections set forth in this Order relating to the DIP Facility.

K.  The Foreign Representative has demonstrated that absent the relief granted herein, there is a material risk that one or more parties in interest will take action against Algoma or its assets. As a result, Algoma may suffer immediate and irreparable injury, loss, or damage for which there is no adequate remedy at law and therefore it is necessary that this Court grant the relief requested in the Motion without prior notice to parties in interest or their counsel. Further, unless this Order is entered, Algoma's assets could be subject to efforts by creditors to control, possess, or execute upon such assets and such efforts could result in Algoma suffering immediate and irreparable injury, loss or damage by, among other things, creditors (a) interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, and (b) interfering with or undermining the success of the CCAA Proceeding.

L.  The Foreign Representative has demonstrated that no injury will result to any party that is greater than the harm to Algoma's business, assets, and property in the absence of the relief requested in the Motion.

M.  The interests of the public and public policy of the U.S. will be served by entry of this Order.

N.  The Foreign Representative and Algoma are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Motion is granted as set forth herein.

2.  The CCAA Initial Order, including any and all extensions, amendments and/or supplements authorized by the Canadian Court, is hereby given full force and effect on an interim basis, including, without limitation, (a) authorizing the Debtors to obtain credit under the DIP Facility and granting to the DIP Agent and the DIP Lenders the DIP Lenders' Charge, and (b) staying the commencement or continuation of any actions against Algoma or its assets

(except as otherwise expressly provided herein), and shall be given full force and effect in the U.S. until otherwise ordered by this Court.

3. While this Order is in effect, the Foreign Representative and Algoma are entitled to the full protections and rights pursuant to section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against Algoma's assets within the territorial jurisdiction of the U.S. (except as otherwise expressly provided herein).

4. While this Order is in effect, pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, sections 362 and 365(e) of the Bankruptcy Code are hereby made applicable in these cases to Algoma and the property of Algoma within the territorial jurisdiction of the U.S.; provided that, notwithstanding any other provision of this Order, upon the occurrence of an event of default under the DIP Documents (as defined below) or the DIP Lenders' Charge, this paragraph and the other provisions of this Order shall be deemed to be automatically modified to the extent necessary to allow the DIP Agent and the DIP Lenders to exercise their rights pursuant to paragraph 42 of the CCAA Initial Order and the DIP Documents. Specifically, all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than (x) the Foreign Representative and its expressly authorized representatives and agents and (y) the DIP Agent and the DIP Lenders, to the extent provided for in the foregoing sentence of this paragraph, are hereby enjoined from:

    a) execution against any of Algoma's assets;

    b) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without

       limitation any and all unpaid judgments, settlements, or otherwise against Algoma in the U.S.;

   c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against Algoma or any of its property;

   d) transferring, relinquishing, or disposing of any property of Algoma to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

   e) commencing or continuing an individual action or proceeding concerning Algoma's assets, rights, obligations, or liabilities; and

   f) terminating contracts or otherwise accelerating obligations or exercising remedies thereunder *provided*, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the U.S.

5.    Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

6.    To the extent provided in the CCAA Initial Order and based on the finding made therein and to promote cooperation between jurisdictions in cross-border insolvencies, Algoma is hereby authorized to execute and deliver such term sheets, credit agreements, mortgages, charges, hypothecs and security documents, guarantees, and other definitive documents as are

contemplated by the DIP Facility (collectively, the "**DIP Documents**") or as may be reasonably required by [the DIP Agent and] the DIP Lenders pursuant to the terms thereof, and Algoma is hereby authorized to pay and perform all of its indebtedness, interest, fees, liabilities, and obligations to [the DIP Agent and] the DIP Lenders under and pursuant to the DIP Facility (and in accordance with the budget delivered in connection therewith) including, but not limited to, the fees and expenses of [the DIP Agent and] the DIP Lenders' Canadian and U.S. counsel, and other advisors, as and when the same become due and are to be performed, notwithstanding any other provision of this Order and without any further order of this Court. The Court provisionally recognizes (i) the borrowing of $50 million (USD) authorized by the CCAA Initial Order and (ii) any additional amounts approved by the Canadian Court prior to the entry of the Final Order up to a total amount of $125 million (USD).

7. To the extent authorized under the CCAA Initial Order, the Court recognizes, on a provisional basis, the DIP Lenders' Charge, as defined in the CCAA Initial Order, granted in the CCAA Initial Order which applies to all of Algoma's U.S. assets, subject to the priorities, terms, and conditions of the CCAA Initial Order, to secure current and future amounts outstanding under the DIP Facility.

8. This Order shall be sufficient and conclusive notice and evidence of the grant, validity, perfection, and priority of the liens granted to [the DIP Agent and] the DIP Lenders in the CCAA Initial Order without the necessity of filing or recording this Order or any financing statement, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction; *provided* that Algoma is authorized to execute, and the administrative agent under the DIP Facility may file or record, any financing statements, mortgages, other instruments or any other DIP Document to further evidence the liens authorized, granted, and perfected hereby and by the CCAA Initial Order.

9. Pursuant to sections 364(e), 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, the validity of the indebtedness, and the priority of the liens authorized by the CCAA Initial Order made enforceable in the U.S. by this Order, shall not be affected by any reversal or modification of this Order, on appeal or the entry of an order denying recognition of the CCAA Proceeding pursuant to section 1517 of the Bankruptcy Code.

10. Effective on a provisional basis upon entry of this Order, no action, inaction or acquiescence by the DIP Agent or the DIP Lenders, including, without limitation, funding the Debtors' ongoing operations under this Order, shall be deemed to be or shall be considered as evidence of any alleged consent by the DIP Agent or the DIP Lenders to a charge against the collateral pursuant to sections 506(c), 552(b) or 105(a) of the Bankruptcy Code. The DIP Agent and the DIP Lenders shall not be subject in any way whatsoever to the equitable doctrine of "marshaling" or any similar doctrine with respect to the collateral.

11. Effective on a provisional basis upon entry of this Order, but subject to entry of the Final Order, no person or entity shall be entitled, directly or indirectly, whether by operation of sections 506(c), 552(b) or 105 of the Bankruptcy Code or otherwise, to direct the exercise of remedies or seek (whether by order of this Court or otherwise) to marshal or otherwise control the disposition of any collateral or property after an Event of Default under the DIP Documents, or termination or breach under the DIP Facility, the DIP Documents, the CCAA Initial Order or this Order.

12. Algoma's creditors will not suffer any significant harm by the requested provisional relief, as the relief will merely preserve the status quo during the short time necessary for the Court to rule on the verified chapter 15 petitions. The provisional relief sought will

benefit Algoma's creditors because it will ensure the value of Algoma's assets are preserved, protected and maximized for the benefit of all creditors.

13. Any creditor that believes it has been harmed by the provisional relief may file a motion seeking relief from, or modification of, this Order with the Court on not less than seven (7) business days' written notice to Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Ray C. Schrock, P.C. and Matthew S. Barr, and this Court will hear such motion on a date to be scheduled by this Court.

14. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Order. Pursuant to Bankruptcy Rule 7065, the provisions of Federal Rule of Civil Procedure 65(c) are hereby waived, to the extent applicable.

15. The Foreign Representative, Algoma, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

16. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: Nov 10, 2015
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE