## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
                           :

*In re:*                       :        **Chapter 15**
                           :

**ESSAR STEEL ALGOMA INC.,** *et al.,*[1]   :       **Case No. 15–12271 (BLS)**
                           :

                           :        **(Jointly Administered)**

        **Debtors in a foreign proceeding.**    :

                           :       Re Docket Nos.: 1, 8, & 82
------------------------------------------------------------- x   Hearing Date: Dec. 2, 2015 at 12:00 p.m. (ET)

### FOREIGN REPRESENTATIVE'S REPLY TO
### CLIFFS' OBJECTION TO FINAL RECOGNITION ORDER

Essar Steel Algoma Inc. ("**Algoma Canada**"), in its capacity as the foreign representative (the "**Foreign Representative**") in a proceeding (the "**CCAA Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), of the above-captioned debtors (collectively, "**Algoma**" or the "**Debtors**"), submits this reply (the "**Reply**") to the *Objection of Cliffs to Recognition of Foreign Proceeding and Related Relief and Reservation of Rights* [D.I. 82] (the "**Objection**"), in support of the *Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 364(e), 365, 1517, 1519, 1520, 1521, and 105(a) of Bankruptcy Code* [D.I. 8] (the "**Recognition and Relief Motion**"), and respectfully represents as follows:

---

[1] The Debtors in the foreign proceeding and the last four digits of each Debtor's United States Tax Identification Number, Canadian Business Number, Provincial Corporation Number, or Netherlands Chamber of Commerce Number, as applicable, are as follows: Essar Steel Algoma Inc. (0642), Essar Steel Algoma Inc. USA (8788), Essar Steel Algoma (Alberta) ULC (6883), Essar Tech Algoma Inc. (8811), Algoma Holdings B.V. (1679), and Cannelton Iron Ore Company (9965). The Debtors' principal offices are located at 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada. In accordance with the *Order Directing Certain Orders in Chapter 15 Cases of Essar Steel Algoma Inc., Et Al. Be Made Applicable to Algoma Holdings B.V. Pursuant to Section 105(a) of Bankruptcy Code*, dated November 23, 2015 [D.I. 70], the relief sought in the Final Recognition Order shall not apply to Algoma Holdings B.V. until such time as the Court enters a supplemental order directing this application.

### Preliminary Statement[2]

1.     Algoma's Recognition and Relief Motion seeks recognition of Algoma's plenary reorganization proceeding under the CCAA.  The only pleading filed in response to the Recognition and Relief Motion was the Objection of The Cleveland-Cliff Iron Company, Cliffs Mining Company, and Northshore Mining Company (collectively, "**Cliffs**"), the very party whose conduct put Algoma in the untenable financial and operational position that ultimately forced Algoma to seek CCAA and chapter 15 protection in the first instance.  In its Objection, Cliffs has mischaracterized the facts and misconstrued the relief sought by Algoma in the final order recognizing the CCAA Proceeding (the "**Final Recognition Order**"),[3] and its Objection should be overruled.

2.     Algoma operates one of the largest integrated steel manufacturing facilities in Canada.  One of the most important raw material inputs for making steel is iron ore pellets.  For over 13 years, Algoma has relied on Cliffs to supply this essential material, pursuant to a 23-year supply contract (the "**Cliffs Iron Ore Contract**").   Then, without notice to Algoma, Cliffs improperly refused to perform its obligations under the Cliffs Iron Ore Contract and improperly attempted to unilaterally terminate the agreement.  The uncertainty with respect to Algoma's ability to obtain pellets at a reasonable price resulting from these actions was one of the primary reasons Algoma had to seek court protection under the CCAA and chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**").  Without this raw material, the heart of

---

[2] Capitalized terms used but not defined in the Reply shall have the meanings ascribed to them in the Recognition and Relief Motion.

[3] Algoma included a proposed Final Recognition Order as Exhibit B to the Recognition and Relief Motion filed on November 9, 2015.  Concurrently herewith, Algoma has filed a revised proposed Final Recognition Order including changes informally requested by certain parties, as well as changes to address certain of Cliffs' objections.  For the Court's reference, Algoma has provided a chart, attached hereto as **Exhibit A,** identifying which of Cliffs' proposed modifications to the Final Recognition Order were agreed to.

Algoma's manufacturing plant would cease to operate.  The long-term survival of Algoma's business depends on Algoma having a reliable, affordable iron ore pellet supply.

3.      Although Cliffs' performance under the Cliffs Iron Ore Contract is critical to the long-term viability of Algoma's business and a central issue in these insolvency cases, Algoma is not seeking, in connection with the Final Recognition Order, recognition or enforcement of any extraordinary relief with respect to Cliffs or attempting to bind Cliffs in these chapter 15 cases without an opportunity to assert its rights.  Rather, Algoma is merely utilizing chapter 15 for its intended purpose – seeking recognition of its CCAA Proceeding along with the ability to use rights typically available to chapter 15 debtors, including section 365, if and when necessary.  Although the Final Recognition Order seeks broad recognition of Algoma's CCAA Proceeding, Algoma is by no means trampling on the rights of its creditors, as alleged by Cliffs. In fact, chapter 15 provides essential protections for any party affected by relief granted in the CCAA Proceeding and subsequently recognized in these chapter 15 cases, including a party's ability to object to and seek modifications of any orders to the extent such party's interests are not sufficiently protected.

**Factual Background**

4.      On November 9, 2015, Algoma filed the Recognition and Relief Motion seeking, among other things, recognition of its CCAA Proceeding and the CCAA Initial Order and the application of section 365 of the Bankruptcy Code to these chapter 15 cases.  On November 10, 2015, this Court entered the *Provisional Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 364(e), 365, 1517, 1519, 1520, 1521, and 105(a) of Bankruptcy Code* [D.I. 30], granting the Recognition and Relief Motion on an interim basis.  Cliffs filed the Objection, the only formal objection to the Recognition and Relief Motion, arguing, among other things, that the recognition order sought

by Algoma is overly broad and provides for blanket recognition of all future orders entered in the CCAA Proceeding without an independent review or consideration of the interests of creditors. Cliffs' particular concern is focused on the potential recognition of orders entered in the CCAA Proceeding relating to the Cliffs Iron Ore Contract.

5.      As set forth in more detail in the *Foreign Representative's Motion for Order Compelling Performance Under Pellet Sale And Purchase Agreement And Enforcing Automatic Stay Pursuant To Sections 362, 365 And 105(a) Of The Bankruptcy Code* [D.I. 17] (the "**Chapter 15 Motion to Compel**"), the *Verified Complaint For Declaratory Judgment* [D.I. 21] (the "**Verified Complaint**"), and the *Supplemental Declaration of J. Robert Sandoval In Support Of (I) Foreign Representative Motion Compelling Performance Under Pellet Sale And Purchase Agreement And Enforcing Automatic Stay Pursuant To Sections 362, 365 And 105(a) Of The Bankruptcy Code; And (II) Verified Complaint For Declaratory Judgment* [D.I. 19], Cliffs and Algoma have a longstanding business relationship, with Cliffs serving (until recently) as Algoma's exclusive supplier of essential iron ore pellets.  On October 5, 2015, Cliffs improperly and without notice cut off this supply, spiraling Algoma into further distress and causing Algoma to seek emergency bankruptcy relief.  While the nature of the parties' commercial supply relationship, their conduct under the Cliffs Iron Ore Contract, and the circumstances under which Cliffs purported to terminate this agreement are in dispute (as evidenced by the contrary allegations set forth in Cliffs' Objection and supporting affidavit), such issues are not currently before this Court and are not relevant to the narrow issue of recognition of Algoma's CCAA Proceeding.  As explained in more detail below, these issues will only be before this Court if and when Algoma moves forward with a request for recognition of, or an independent motion seeking, specific relief against Cliffs with respect to the Cliffs Iron

Ore Contract.  Accordingly, Algoma reserves its rights to dispute all of the facts and allegations

set forth in the Objection.[4]

6.     On November 18, 2015, Algoma filed a motion in its CCAA Proceeding

seeking critical supplier relief with respect to Cliffs under section 11.4 of the CCAA (the

"**Critical Supplier Motion**").  If successful, such relief will compel Cliffs to continue to supply

iron ore pellets to Algoma on terms and conditions consistent with the parties' existing supply

relationship or on terms that the Canadian Court (as defined below) deems appropriate.  Given

the criticality of Algoma's ability to obtain a reliable and steady supply of iron ore for the

upcoming winter months, on a parallel path, Algoma also is pursuing negotiations for a winter

supply arrangement.  If these negotiations are successful, it may obviate the need for the

emergency relief sought in the Critical Supplier Motion and Algoma would withdraw this

motion.

7.     Even if Algoma mitigates the short-term harm caused by Cliffs, Algoma

still needs to resolve the long-term supply problem caused by Cliffs' purported termination of the

Cliffs Iron Ore Contract.  Accordingly, Algoma also may file a motion in the CCAA Proceeding

seeking the following relief:  (i) declaring that Cliffs is subject to the jurisdiction of the Ontario

Superior Court of Justice (Commercial List) (the "**Canadian Court**"); (ii) declaring that the

purported termination of the Cliffs Iron Ore Contract by Cliffs on October 5, 2015, was not

effective and that the Cliffs Iron Ore Contract remains in full force and effect; (iii) directing

Cliffs to comply with its obligations under the Cliffs Iron Ore Contract; (iv) directing Cliffs to

pay damages to Algoma resulting from Cliffs' failure to perform under the agreement; and

---

[4] In its Objection, Cliffs also raises issues relating to the proper forum for resolving the dispute relating to the Cliffs Iron Ore Contract.  Such issue is also irrelevant to the recognition issue currently before the Court and Algoma reserves all rights with respect to this issue.

(v) requesting that this Court recognize and give effect to any such relief (the "**CCAA Motion to Compel**").

8.      Algoma intends to fully prosecute its rights against Cliffs in Canada, including through the Critical Supplier Motion and the CCAA Motion to Compel.  However, because Cliffs has indicated that it intends to contest the jurisdiction of the Canadian Court,[5] Algoma may need to seek some form of corollary relief in these chapter 15 cases – either recognition and enforcement of a Canadian order or an independent request for relief from this Court.  In anticipation of this, the Foreign Representative filed the Chapter 15 Motion to Compel and the Verified Complaint at the outset of these chapter 15 cases, as complimentary pleadings to relief sought in the CCAA Proceeding, and to ensure sufficient notice given the critical nature of the relief sought and the need to obtain relief quickly.  Depending on how things play out in the CCAA Proceeding, the Foreign Representative may need to seek alternate or additional relief in these chapter 15 cases with respect to Cliffs.  Algoma will proceed and continue to structure such relief in a way that allows for the full cooperation and ensures coordination between the Canadian Court and this Court.

9.      In any event, the relief to be provided pursuant to the Final Recognition Order will not bind or prejudice Cliffs with respect to the Cliffs Iron Ore Contract or its continued supply of iron ore pellets.  Algoma requests this Court enter the Final Recognition Order to recognize, on a final basis, the CCAA Proceeding as a foreign main proceeding and provide Algoma with all the rights and protections attendant thereto, within the confines of the

---

[5] In its Objection, Cliffs asserts that "the Canadian Court does not have jurisdiction over Cliffs or the Agreement, as it is governed by U.S. law (Ohio) and is performed by Cliffs solely within the United States (Michigan and Ohio)." Objection ¶ 34.

Bankruptcy Code.  With this framework, creditors' rights – including Cliffs' rights – are

protected and will be respected.

<u>Reply</u>

**I.     Relief Requested in Final Recognition Order Is Appropriate and Proper
       Under Chapter 15 of Bankruptcy Code and Consistent with Principles of Comity**

10.     Cliffs argues that the relief requested pursuant to the Final Recognition

Order is overbroad and does not provide for the consideration of other parties' interests.  *See*

Objection ¶ 23.  To the contrary, the relief requested is supported by ample precedent and is

consistent with (i) the notion that section 1517 of the Bankruptcy Code provides for the

recognition of foreign *proceedings* as opposed to merely foreign *orders,* (ii) the type of broad

relief that may be granted by this Court under section 1521 of the Bankruptcy Code,

(iii) principles of comity, and (iv) section 1522 of the Bankruptcy Code, which provides for the

consideration of the interests of creditors and other interested parties.

A.     <u>Chapter 15 Recognizes Foreign Proceedings Rather than Individual Orders</u>

11.     Cliffs' contention that Algoma is improperly "seek[ing] to use this Court

to enforce extraterritorial rulings, including potential rulings of which neither the Court nor

parties in interest are yet aware, without any Court intervention or due process afforded to

creditors and parties in interest" fails to appreciate the nature of the relief being sought in the

Final Recognition Order and the general purpose of chapter 15.  *See* Objection ¶ 24.

12.     Algoma, through its Recognition and Relief Motion, is seeking

recognition of the CCAA Proceeding as a foreign main proceeding pursuant to section 1517 of

the Bankruptcy Code.  The plain language of section 1517 provides that an order for recognition

in a chapter 15 proceeding involves the recognition of a "foreign proceeding," as opposed to a

"foreign order."  *See* 11 U.S.C. § 1517.  Contrary to Cliffs' suggestion that such "broad relief is

not available under U.S. law," section 1517 clearly provides for an order granting broad

recognition of the foreign proceeding, which necessarily includes the recognition of the orders

entered in that foreign proceeding, subject to any limitations set forth in the recognition order.

           13.     Relief providing for the general recognition of a foreign proceeding,

including the orders entered and transactions approved therein, is commonly granted by this

Court in chapter 15 cases.[6] *See, e.g., In re Mega Brands Inc.*, Case No. 10-10485 (CSS) (Bankr.

D. Del. Mar. 23, 2010) [D.I. 39] ("all orders entered by the Canadian Court in the Canadian

Proceeding … shall be given full faith and credit in the United States … and shall be upon their

entry in the Canadian Proceeding immediately valid and fully enforceable as to the Chapter 15

Debtors and their property and assets in the United States"); *In re Lone Pine Resources Inc.*,

Case No. 13-12487 (BLS) (Bankr. D. Del. Oct. 18, 2013) [D.I. 58] (giving full force and effect

and granting comity to CCAA Initial Order and all extensions or amendments thereto, as well as

all transactions to be consummated under CCAA Proceeding and Initial Order); *In re Xentel Inc.,*

Case No. 13-10888 (KG) (Bankr. D. Del. May 17, 2013) [D.I. 26] (same); *In re Cinram*

*International Inc.*, Case No. 12-11882 (KJC) (Bankr. D. Del. July 25, 2012) [D.I. 97] (same); *In*

*re Arctic Glacier International Inc.*, Case No. 12-10605 (KG) (Bankr. D. Del. Mar. 16, 2012)

[D.I. 70] (same); *In re Crystallex International Corporation*, Case No. 11-14074 (LSS) (Bankr.

D. Del. Jan. 20, 2012) [D.I. 44] (granting recognition of CCAA Initial Order and all extensions

or amendments thereto); *In re Angiotech Pharmaceuticals Inc.*, Case No. 11-10269 (KG) (Bankr.

D. Del. Feb. 2, 2011) [D.I. 83] (same); *In re Essar Steel Algoma Inc.*, Case No. 14-11730 (BLS)

(Bankr. D. Del. Aug. 20, 2014) [D.I. 96] (giving full force and effect and granting comity to

preliminary Canadian Order and all extensions or amendments thereto, as well as all transactions

---

[6] Because of the voluminous nature of the unreported orders cited herein, copies of the orders are not attached to the Motion.  Copies of the orders will be made available upon request of Algoma's counsel.

to be consummated under Canadian Proceeding and preliminary Order); *In re Electro Sonic Inc.*, Case No. 14-10240 (PJW) (Bankr. D. Del. Mar. 30, 2014) [D.I. 39] (giving full force and effect and granting comity to Canadian bankruptcy proceeding and all transactions to be consummated thereunder); *In re ARXX Corporation*, Case No. 13-13313 (Bankr. D. Del. Jan. 31, 2014) [D.I. 44] (giving full force and effect to Canadian receivership order, including any future amendments or extensions thereto).[7]

       14.    Broad recognition of the CCAA Proceeding, including the orders entered and transactions approved therein, is necessary as a practical matter to provide for the efficient administration of these cross-border cases. Algoma's CCAA Proceeding is an active foreign proceeding, with orders being entered by the Canadian Court on a regular basis. Requiring the Foreign Representative to repeatedly come before this Court and seek recognition of each order entered in the CCAA Proceeding on an individual basis would create an inefficient process that would result in a significant expenditure of Algoma's time and resources, contrary to the interests of creditors and other parties in interest. It is simply not feasible for the Foreign Representative to bring a motion seeking recognition before this Court each time a new order is entered in the CCAA Proceeding or a prior order is modified. Granting broad recognition of the CCAA Proceeding will result in the efficient administration of the Debtors' cases and avoid the unnecessary and costly process of seeking recognition of individual orders entered in the CCAA Proceeding.

---

[7] In *In re Catalyst Paper Corp.*, Case No. 12-10221 (PJW) (Bankr. D. Del.), the debtors' noteholders objected to the debtors' proposed recognition order granting full force and effect to all past and future CCAA orders. The debtors filed a reply making similar arguments set forth herein as to why broad recognition was permitted. *See In re Catalyst Paper Corp.,* Case No. 12-10221 (PJW) (Bankr. D. Del. Feb. 29, 2013) [D.I. 82]. Ultimately, to resolve the noteholders' objection, the debtors voluntarily amended their proposed order to exclude future orders; however, the final recognition order still provided for broad recognition and gave full force and effect to the CCAA orders already granted, including all extensions and amendments thereto.

15.     Moreover, broad recognition of the CCAA Proceeding is consistent with the stated objective of chapter 15 of the Bankruptcy Code to provide for the "fair and efficient administration of cross-border insolvencies."  *See* 11 U.S.C. § 1501(a)(3).  The "express purpose of chapter 15 is to promote cooperation between the courts of foreign nations and the United States in the efficient administration of cross-border insolvencies".  *In re Grand Prix Assocs. Inc.*, No. 09-16545 (DHS), 2009 WL 1850966, at *3 (Bankr. D.N.J. June 26, 2009); s*ee also In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 532 (Bankr. S.D.N.Y. 2008) (citing *In re Bear Stearns High–Grade Structured Credit Strategies Master Fund*, 374 B.R. 122, 126 (Bankr. S.D.N.Y. 2007)); *Jaffe v. Samsung Elecs. Co*., 737 F.3d 14, 31 (4th Cir. 2013); *In re Hellas Telecommc'ns (Luxembourg) II SCA*, 535 B.R. 543, 570 (Bankr. S.D.N.Y. 2015); *In re Daewoo Logistics Corp*., 461 B.R. 175, 178 (Bankr. S.D.N.Y. 2011).

16.     In a chapter 15 case, the United States court is to act in an ancillary role, with the goal of assisting with the pursuit of the objectives of the foreign proceeding.  *See In re British Am. Ins. Co. Ltd.*, 488 B.R. 205, 222 (Bankr. S.D. Fla. 2013).  The Court is required to "protect the parties' interests by implementing fair, efficient and … cooperative procedures designed to maximize the value of the debtor's assets for distribution."  *In re SPhinX, Ltd.*, 351 B.R. 103, 113 (Bankr. S.D.N.Y. 2006) aff'd, 371 B.R. 10 (S.D.N.Y. 2007).

17.     The Court has broad discretion under section 1521 of the Bankruptcy Code to order relief following recognition of foreign proceeding, and may grant "any appropriate relief" that would further the purposes of chapter 15 and protect a debtor's assets and the interests of its creditors.  *See, e.g., In re Atlas Shipping A/S*, 404 B.R. 726, 739 (Bankr. S.D.N.Y. 2009) ("[t]he discretion that is granted is exceedingly broad since a court may grant any appropriate relief that would further the purposes of chapter 15 and protect the debtor's assets

and the interests of creditors") (internal quotation marks omitted); *see also In re Sivec SRL*, 476 B.R. 310, 323 (Bankr. E.D. Okla. 2012) (same).  The Final Recognition Order is consistent with these objectives.  It provides for broad cooperation with, and general recognition of, the CCAA Proceeding but, at the same time, as discussed below, it maintains the Court's ability to consider the interests of parties pursuant to section 1522 of the Bankruptcy Code.

        18.      Furthermore, granting broad recognition of the CCAA Proceeding is in the interest of comity, a "central tenet" in chapter 15 proceedings.  *See In re Vitro S.A.B. de CV*, 701 F.3d 1031, 1053 (5th Cir. 2012) ("[a]central tenet of Chapter 15 is the importance of comity in cross-border insolvency proceedings") (citing *In re Cozumel Caribe, S.A. de C.V.*, 482 B.R. 96, 113 (Bankr. S.D.N.Y. 2012)); *see also In re Rede Energia S.A.*, 515 B.R. 69, 91 (Bankr. S.D.N.Y. 2014) ("[c]hapter 15 … provides courts with broad, flexible rules to fashion relief that is appropriate to effectuate the objectives of the chapter in accordance with comity"); *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.,* 389 B.R. 325, 333 (S.D.N.Y. 2008) ("relief is largely discretionary and turns on subjective factors that embody principles of comity"); *In re Sino-Forest Corp.*, 501 B.R. 655, 664 (Bankr. S.D.N.Y. 2013) (same); *In re Metcalfe & Mansfield Alt. Inv.*, 421 B.R. 685, 697 (Bankr. S.D.N.Y. 2010) (same); *In re Atlas Shipping,* 404 B.R. at 738 (same).  As a general matter, comity principles support the recognition and enforcement of Canadian orders in U.S. courts, and recognition is regularly granted to Canadian insolvency proceedings in accordance with such principles.  *See In re Metcalfe*, 421 B.R. at 698-700 ("U.S. federal courts have repeatedly granted comity to Canadian proceedings … [p]rinciples of comity in chapter 15 cases support enforcement of the Canadian Orders in the United States"); *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 212 (S.D.N.Y. 2002) ("[t]here is no question that bankruptcy proceedings

in Canada—a 'sister common law jurisdiction with procedures akin to our own'— are entitled to comity under appropriate circumstances").

19.     Finally, chapter 15 supports the enforcement of foreign court orders even if the same order would not be available in a chapter 11 case.  *See In re Vitro*, 701 F.3d at 1053-54 ("[g]iven Chapter 15's heavy emphasis on comity, it is not necessary, nor to be expected, that the relief requested by a foreign representative be identical to, or available under, United States law … the mere fact that a foreign representative requests relief that would be available under the law of the foreign proceeding, but not in the United States, is not grounds for denying comity"); *In re Condor Ins. Ltd.*, 601 F.3d 319, 327 (5th Cir. 2010) (explaining that in enacting chapter 15, congress did not intend to restrict U.S. courts from applying laws of country of foreign main proceeding); *In re Metcalfe*, 421 B.R. at 700 ("[p]rinciples of comity in chapter 15 cases support enforcement of the Canadian Orders in the United States whether or not the same relief could be ordered in a plenary case under chapter 11").  This Court is not required to make an independent determination about the propriety of individual acts of a foreign court.  *See In re Metcalfe*, 421 B.R. at 697; *see also In re Bd. of Dirs. of Multicanal S.A.*, 307 B.R. 384, 391 (Bankr. S.D.N.Y. 2004) (noting that neither case law nor section 304 (statutory predecessor to chapter 15) require a determination that foreign proceeding is identical to U.S. proceeding).

20.     Indeed, there have been many instances where a U.S. bankruptcy court has enforced an order from a Canadian insolvency proceeding despite such relief not generally being available in a chapter 11 proceeding.  *See, e.g., In re Metcalfe*, 421 B.R. 685 (enforcing a broad third-party release and injunction, even though such provisions generally would not be allowable in a chapter 11 case); *In re Sino-Forest*, 501 B.R. 655 (same); *In re Ephedra Prods. Liab. Litig.*, 349 B.R. 333 (S.D.N.Y. 2006) (claims resolution procedure ordered by Canadian court was

recognized and enforced, even though procedure arguably deprived parties of their rights to due process and a jury trial under U.S. Constitution).

> B.    Creditors and Interested Parties' Interests
>        Are Sufficiently Protected under  Final Recognition Order

21.    Balancing this broad recognition and enforcement is the fact that, at all times (even after final recognition), creditors' interests are protected in a chapter 15 case. Granting the Final Recognition Order will not, as suggested by Cliffs, result in the Court "blind[ing] itself to the costs that awarding such relief would impose on others" or "categorical deference to the foreign proceeding" without "any due process afforded to creditors and parties in interest."  Objection ¶¶ 24-25.  As recognized by Cliffs, pursuant to section 1522 of the Bankruptcy Code, the application of *any* relief granted under sections 1519 or 1521 of the Bankruptcy Code is subject to the interests of creditors and other parties in interest (including the debtor) being sufficiently protected.  *See* 11 U.S.C. § 1522.  Algoma does not contest that section 1522 applies to the relief granted in the Final Recognition Order; the Final Recognition Order does not deprive Cliffs or any other creditor of its rights under section 1522 of the Bankruptcy Code, including the ability to object to any future relief to be recognized by this Court.  The broad recognition provided for in the Final Recognition Order does not mean that every order entered in the CCAA Proceeding, regardless of jurisdictional, constitutional, or public policy concerns, will be blindly enforced by this Court and not subject to the rights of an affected party to challenge such relief.

22.    Following approval of the Final Recognition Order, should Cliffs, or any other interested party, consider that an order entered in the CCAA Proceeding results in its interests not being sufficiently protected, such party may object to the recognition and enforcement of such order in the U.S., pursuant to section 1522 of the Bankruptcy Code.  Upon

any such objection, the Court may choose to amend the Final Recognition Order or order other such relief as it sees fit, considering the interests of the interested parties and Algoma. *See* 11 U.S.C. § 1522(c); *In re Atlas Shipping*, 404 B.R. at 739 ("the bankruptcy court [has] broad latitude to mold the relief to meet specific circumstances … [c]onsidered together, §§ 1521 and 1522 give the court ... ample tools for dealing with the manner in which a chapter 15 case is administered") (internal quotation marks omitted); *see also In re Tri-Cont'l Exch. Ltd.*, 349 B.R. 627, 637 (Bankr. E.D. Cal. 2006) ("If it later appears that conditions should be either imposed or relaxed, § 1522(c) authorizes a court, on its own motion or upon request, to modify or terminate any discretionary relief it has granted.").

23.    Parties have brought motions pursuant to section 1522 of the Bankruptcy Code in a number of cases, seeking to modify orders entered in a chapter 15 proceeding. *See In re Qimonda AG Bankr. Litig.*, 433 B.R. 547, 553 (E.D. Va. 2010) (referencing successful motion by debtor company to amend order pursuant to section 1522(c)); *In re Nortel Networks Corp.*, No. 09-10164 (KG), 2013 WL 6053845 at *2 (D. Del. Nov. 15, 2013) (referencing motion brought by class action plaintiffs under section 1522(c) to modify order recognizing Canadian Proceedings).

24.    Accordingly, Cliffs and all other parties-in-interest in Algoma's cross-border insolvency cases are not prejudiced by the entry of the Final Recognition Order.  They will receive notice of orders entered in the CCAA Proceeding that affect their interests and, pursuant to section 1522(c) of the Bankruptcy Code, have a mechanism in this Court to challenge the recognition and enforcement of any such order.

## II.    Application of Section 365 Is Necessary and Creditors' Interests Will Be Protected

25.    In objecting to the application of section 365 of the Bankruptcy Code to these chapter 15 cases, Cliffs has misconstrued Algoma's intent in seeking this relief and

conflated the ability to have the provisions of section 365 generally *available* in these chapter 15 cases with the granting of actual relief under section 365. In no way does the Final Recognition Order seek any specific relief under section 365 against any of Algoma's contract counterparties (including Cliffs) or attempt to avoid the statutory requirement that any ancillary relief granted pursuant to section 1521 – including relief pursuant to section 365 – satisfy the standards of section 1522. Rather, the Final Recognition Order merely seeks to have section 365 – which includes protections for *both* debtors and their contract counterparties – available in these chapter 15 cases.

26.     As set forth in the Recognition and Relief Motion, application of section 365 is warranted and necessary in these chapter 15 cases because more than half of Algoma's key suppliers are entities with a presence in the U.S., many of whom are parties to contracts governed by U.S. law. In addition, approximately half of Algoma's customers are located in the U.S., many of whom are parties to contracts governed by U.S. law. Some of these contract counterparties could attempt to assert that they are not subject to the jurisdiction of the Canadian Court or bound by the orders entered in the CCAA Proceeding. Indeed, as Cliffs admits in its Objection, this is precisely the strategy that it is pursuing. As discussed above and as counsel for the Foreign Representative indicated at the first day hearing, Algoma is first proceeding for relief against Cliffs in the Canadian Court, and if necessary, the Foreign Representative will pursue corollary relief (or, if necessary, independent relief) against Cliffs in the U.S. *See* First Day Hr'g Tr. at 15-16. If Cliffs is successful in arguing that it is not subject to the jurisdiction of the Canadian Court and not bound by orders entered in the CCAA Proceeding, the tools of chapter 15, including the availability of section 365, will allow Algoma to seek to protect the Cliffs Iron Ore Contract, a valuable asset critical to the long-term viability of its business.

27.     If and when Algoma needs to rely on section 365 to obtain relief in these chapter 15 cases, the Court may consider whether such relief is consistent with section 1522.  In its Objection, Cliffs repeatedly asserts that creditors' interests must be protected pursuant to section 1522, but fails to explain how the mere availability of section 365 in these chapter 15 cases violates creditors' interests.  This omission is not surprising because such inquiry and determination really can only be made at a time when specific relief against a particular creditor is sought.   For the avoidance of doubt, the Foreign Representative has modified the proposed Final Recognition Order to clarify that any specific relief sought under section 365 in these chapter 15 cases will be subject to section 1522.

**III.    Final Recognition Order Does Not Bind
Cliffs' Performance Under Cliffs Iron Ore Contract**

28.     Notwithstanding the fact that the Final Recognition Order seeks recognition of all existing and future orders entered in the CCAA Proceeding, the Foreign Representative will seek additional relief from this Court to the extent necessary to enforce Cliffs' performance obligations.  As discussed above, Algoma is proceeding, in the first instance, with relief against Cliffs in Canada.  Algoma believes that if it is successful, it will not need to seek separate enforcement against Cliffs in the U.S.  To the extent necessary, however, the Foreign Representative may seek parallel enforcement of this relief against Cliffs in the U.S. or, if relief is unavailable in Canada, the Foreign Representative may need to pursue independent relief (*i.e.*, via the Chapter 15 Motion to Compel or Verified Complaint) in these chapter 15 cases.  Cliffs will have all rights to defend itself in Canada, as well as in these chapter 15 cases as and when such issues are before each court (and Algoma reserves all rights with respect thereto).  At this time, in connection with the Final Recognition Order, Algoma is not seeking recognition or enforcement of any critical supplier relief with respect to Cliffs or recognition of any relief

relating to the potential CCAA Motion to Compel.  For the avoidance of doubt, Algoma has modified the proposed Final Recognition Order to clarify that the recognition of such relief is not included.

### Notice

29.     Notice of this Reply has been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for Cliffs; and (iii) all parties on the Master Service List.

**Conclusion**

30.     For the reasons set forth above and in the Recognition and Relief Motion, the Foreign Representative respectfully requests this Court (i) overrule the Objection, (ii) enter the proposed Final Recognition Order [as modified substantially in the form attached hereto as **Exhibit A**] and (iii) grant such other relief as may be just and appropriate.

Dated: December 1, 2015
          Wilmington, Delaware

                                   /s/ Amanda R. Steele
                                   RICHARDS, LAYTON & FINGER, P.A.

                                   Mark D. Collins (No. 2981)
                                   Daniel J. DeFranceschi (No. 2732)
                                   Amanda R. Steele (No. 5530)
                                   One Rodney Square
                                   920 North King Street
                                   Wilmington, Delaware  19801
                                   Telephone:     (302) 651-7700
                                   Facsimile:     (302) 651-7701
                                   Email:         collins@rlf.com
                                   Email:         defranceschi@rlf.com
                                   Email:         steele@rlf.com

                                   -and-

                                   WEIL, GOTSHAL & MANGES LLP

                                   Ray C. Schrock, P.C. (admitted *pro hac vice*)
                                   Matthew S. Barr (admitted *pro hac vice*)
                                   767 Fifth Avenue
                                   New York, New York  10153
                                   Telephone:     (212) 310-8000
                                   Facsimile:     (212) 310-8007
                                   Email:         ray.schrock@weil.com
                                   Email:         matt.barr@weil.com

                                   *Attorneys for the Foreign Representative*