IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
*In re:* : Chapter 15
:
**ESSAR STEEL ALGOMA INC.,** *et al.*,[1] : Case No. 15–12271(BLS)
:
:
Debtors in a foreign proceeding. : (Jointly Administered)
:
------------------------------------------------------------ x

## AMENDED FINAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF PURSUANT TO SECTIONS 362, 364(e), 365, 1517, 1519, 1520, 1521, AND 105(a) OF BANKRUPTCY CODE

Upon the motion (the "**Motion**")[2] of Essar Steel Algoma Inc. ("**Algoma Canada**"), in its capacity as the authorized foreign representative (the "**Foreign Representative**") of the above-captioned debtors (collectively, "**Algoma**" or the "**Debtors**") who have filed an application in a foreign proceeding (the "**CCAA Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**"), pursuant to sections 362, 364(e), 365, 1517, 1519, 1520, 1521, and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") for entry of (a) a provisional order (the "**Provisional Order**"): (i) recognizing and enforcing in the United States (the "**U.S.**"), on an interim basis, the initial order issued on

---

[1] The Debtors in the foreign proceeding and the last four digits of each Debtor's United States Tax Identification Number, Canadian Business Number, Provincial Corporation Number, or Netherlands Chamber of Commerce Number, as applicable, are as follows: Essar Steel Algoma Inc. (0642), Essar Steel Algoma Inc. USA (8788), Essar Steel Algoma (Alberta) ULC (6883), Essar Tech Algoma Inc. (8811), Cannelton Iron Ore Company (9965), and Algoma Holdings B.V. (1679). The Debtors' principal offices are located at 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada. In accordance with the Order Directing Certain Orders in Chapter 15 Cases of Essar Steel Algoma Inc., Et Al. Be Made Applicable to Algoma Holdings B.V. Pursuant to Section 105(a) of Bankruptcy Code, dated November 23, 2015 [D.I. 70], the relief set forth in this Order shall not apply to Algoma Holdings B.V. until such time as the Court enters a supplemental order directing this application.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

November 9, 2015, by the Canadian Court, and any extensions, amendments, restatements and supplements thereto, including the Amended and Restated Initial Order issued on November 20, 2015 (the "**CCAA Initial Order**"), including, without limitation, the Canadian Court's decision (A) to authorize the Debtors to enter into and perform under that certain DIP Facility, and (B) to grant the DIP Lenders' Charge (as defined in the CCAA Initial Order), (ii) granting an interim stay of execution against the Debtors' assets and applying sections 362 and 365(e) of the Bankruptcy Code in these chapter 15 cases on an interim basis pursuant to sections 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, (iii) granting the DIP Agent and the DIP Lenders certain protections afforded by section 364(e) of the Bankruptcy Code, and (iv) granting such other and further relief as this Court deems just and proper; and (b) a final order after notice and a hearing (this "**Order**") (i) granting the petitions in these cases and recognizing the CCAA Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the U.S. to the CCAA Initial Order, including any and all extensions, amendments, restatements, and/or supplements thereto authorized by the Canadian Court and extending the protections of the Provisional Order to Algoma on a final basis, (iii) applying section 365 of the Bankruptcy Code in these chapter 15 cases on a final basis pursuant to section 1521 of the Bankruptcy Code, (iv) granting the DIP Agent and the DIP Lenders certain protections afforded by section 364(e) of the Bankruptcy Code, and (v) granting such other and further relief as this Court deems just and proper, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and Algoma having consented to the Court's authority to enter a final order consistent with Article III of the U.S. Constitution; and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and a provisional and final hearing having been held to consider the relief requested in the Motion (the "**Hearings**"); and the appearances of all interested parties having been noted in the record of the Hearings; and upon the Sandoval Declaration, the Ciardullo Declaration, the Memorandum of Law, and the verified chapter 15 petitions, filed contemporaneously with the Motion, the record of the Hearings and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.   The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.

C.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

D.     Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

E.     The CCAA Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

F.     The Foreign Representative is the duly appointed "foreign representative" of Algoma within the meaning of section 101(24) of the Bankruptcy Code.

G.     These chapter 15 cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

H.     The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

I.     The CCAA Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

J.     Canada is the center of main interests of each of the Debtors, and accordingly, the CCAA Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

K.     The Foreign Representative is entitled to all the relief available pursuant to section 1520 of the Bankruptcy Code including, without limitation, application of the automatic stay pursuant to section 362 of the Bankruptcy Code.

L.     The Foreign Representative is further entitled to application of section 365 pursuant to section 1521 of the Bankruptcy Code.

M.     The Foreign Representative has demonstrated to the Canadian Court and the

Canadian Court found that the incurrence of indebtedness under the DIP Facility, and the granting of the liens and charges in connection with the DIP Facility, are necessary to preserve the value of Algoma's business.

N.  The Foreign Representative has demonstrated to the Canadian Court and the Canadian Court found that the terms of the DIP Facility are fair and reasonable and were entered into in good faith by Algoma, the DIP Agent, and the DIP Lenders. The Foreign Representative has demonstrated that the DIP Agent and the DIP Lenders would not have extended financing without the provisions of this Order and protection pursuant to section 364(e) of the Bankruptcy Code.

O.  The Foreign Representative has demonstrated that application of section 365 of the Bankruptcy Code, as made applicable by sections 1521(a)(7) and 105(a) of the Bankruptcy Code, is necessary to provide Algoma with the ability to assume or reject an executory contract or compel an executory contract counterparty to perform under an executory contract and that, absent protections pursuant to section 365, there is a material risk that one or more of its executory contract counterparties may terminate agreements or discontinue performance on the incorrect assumption that it is not bound by any decision made in the CCAA Proceeding and any such termination or discontinuance of performance could impose severe economic consequences on Algoma and will interfere with reorganization efforts.

P.  The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the U.S., and warranted pursuant to section 1517, 1520, 1521, and 105(a) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The verified chapter 15 petitions of each of the Debtors and the Motion are granted as set forth herein.

2. The CCAA Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

3. The CCAA Initial Order, including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court, is hereby given full force and effect in the U.S. on a final basis, including, without limitation, (a) authorizing the Debtors to obtain credit under the DIP Facility and granting the DIP Agent and the DIP Lenders the DIP Lenders' Charge, and (b) staying the commencement or continuation of any actions against Algoma or its assets (except as otherwise expressly provided herein).

4. All relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is hereby granted to the CCAA Proceeding, Algoma, and the Foreign Representative, as applicable.

5. Sections 362 and 365 of the Bankruptcy Code shall hereby apply with respect to Algoma and the property of Algoma that is within the territorial jurisdiction of the U.S.; *provided that*, notwithstanding any other provision of this Order, upon the occurrence of an event of default under the DIP Documents (as defined below) or the DIP Lenders' Charge, this paragraph and the other provisions of this Order shall be deemed to be automatically modified to the extent necessary to allow the DIP Agent and the DIP Lenders to exercise their rights pursuant to paragraph 51 of the CCAA Initial Order and the DIP Documents. Notwithstanding the foregoing, section 365 of the Bankruptcy Code shall apply only subject to the rights, limitations, and protections afforded under section 1522 of the Bankruptcy Code.

6. The CCAA Proceeding and the CCAA Initial Order, and the transactions consummated or to be consummated thereunder, shall be granted comity and given full force and

effect in the U.S. to the same extent that they are given effect in Canada, and each is binding on all creditors of Algoma and any of their successors and assigns.

7. Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted to Algoma or the Foreign Representative by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended and, except as modified by this Order, the Provisional Order shall remain in full force and effect, notwithstanding anything to the contrary contained therein.

8. All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the DIP Agent and the DIP Lenders (to the extent provided for in paragraph 5 of this Order) are hereby enjoined from:

   a) execution against any of Algoma's assets;

   b) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding to recover a claim, including, without limitation, any and all unpaid judgments or settlements against Algoma in the U.S.;

   c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against Algoma or any of its property;

   d) transferring, relinquishing, or disposing of any property of Algoma to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative or the relevant Debtor, as applicable;

   e) commencing or continuing an individual action or proceeding concerning Algoma's assets, rights, obligations, or liabilities; and

      f)  terminating contracts or otherwise accelerating obligations or exercising remedies thereunder;

*provided*, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the U.S.; and *provided further* that nothing herein shall: (x) prevent any entity from filing any claims against the Debtors in the CCAA Proceeding or these chapter 15 cases; (y) enjoin any entity from pursuing any rights such entity may have against the Debtors not otherwise enjoined by this paragraph 8; and (z) prevent any entity from seeking relief from the Canadian Court in the CCAA Proceeding or this Court in these chapter 15 cases, as applicable, for relief from the injunctions contained in this paragraph 8.

  9.  To the extent provided in the CCAA Initial Order, Algoma is hereby authorized to execute and deliver such term sheets, credit agreements, mortgages, charges, hypothecs and security documents, guarantees, and other definitive documents as are contemplated by the DIP Facility (collectively, the "**DIP Documents**") or as may be reasonably required by the DIP Agent and the DIP Lenders pursuant to the terms thereof, and Algoma is hereby authorized to pay and perform all of its indebtedness, interest, fees, liabilities, and obligations to the DIP Agent and the DIP Lenders under and pursuant to the DIP Facility (and in accordance with the budget delivered in connection therewith) including, but not limited to, the fees and expenses of the DIP Agent's and the DIP Lenders' Canadian and U.S. counsel, and other advisors, as and when the same become due and are to be performed, notwithstanding any other provision of this Order and without any further order of this Court. The Court recognizes, on a final basis, the borrowing of up to $200 million (USD) under the DIP Facility authorized by the Canadian Court.

  10.  To the extent authorized under the CCAA Initial Order, the Court recognizes, on a final basis, the DIP Lenders' Charge, as defined in and granted pursuant to the CCAA Initial

Order, which applies to all of Algoma's U.S. assets and property, subject to the priorities, terms, and conditions of the CCAA Initial Order, to secure current and future amounts outstanding under the DIP Facility.

11.     This Order shall be sufficient and conclusive notice and evidence of the grant, validity, perfection, and priority of the liens granted to the DIP Agent and the DIP Lenders in the CCAA Initial Order without the necessity of filing or recording this Order or any financing statement, mortgage, instrument, or other document which may otherwise be required under the law of any jurisdiction; *provided that* Algoma is authorized to execute and deliver, and the DIP Agent under the DIP Facility may file or record, any financing statements, mortgages, instruments, or other documents to further evidence the liens authorized, granted, and perfected hereby and by the CCAA Initial Order.

12.     The DIP Documents have been negotiated in good faith and at arm's-length between Algoma and the DIP Agent and the DIP Lenders. Any financial accommodations made to Algoma by the DIP Agent or the DIP Lenders pursuant to the CCAA Initial Order and the DIP Documents shall be deemed to have been made by the DIP Agent and the DIP Lenders in good faith, as that term is used in section 364(e) of the Bankruptcy Code. Accordingly, pursuant to sections 364(e), 1519(a)(3), 1521(a)(7), and 105(a) of the Bankruptcy Code, the validity of the indebtedness, and the priority of the liens authorized by the CCAA Initial Order made enforceable in the U.S. by this Order, shall not be affected by any reversal or modification of this Order on appeal or the entry of an order denying, modifying, or revoking recognition of the CCAA Proceeding pursuant to section 1517 of the Bankruptcy Code.

13.     No action, inaction or acquiescence by the DIP Agent or the DIP Lenders, including, without limitation, funding the Debtors' ongoing operations under this Order, shall be

deemed to be or shall be considered as evidence of any alleged consent by the DIP Agent or the DIP Lenders to a charge against the collateral pursuant to sections 506(c), 552(b) or 105(a) of the Bankruptcy Code. The DIP Agent and the DIP Lenders shall not be subject in any way whatsoever to the equitable doctrine of "marshaling" or any similar doctrine with respect to the collateral.

14. No person or entity shall be entitled, directly or indirectly, whether by operation of sections 506(c), 552(b) or 105 of the Bankruptcy Code or otherwise, to direct the exercise of remedies or seek (whether by order of this Court or otherwise) to marshal or otherwise control the disposition of any collateral or property after an Event of Default under the DIP Documents, or termination or breach under the DIP Facility, the DIP Documents, the CCAA Initial Order or this Order.

15. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

16. The Foreign Representative, Algoma, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

17. The Foreign Representative is hereby authorized to apply to this Court to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations, or liabilities of Algoma.

18. The Foreign Representative, Algoma and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

19. Notwithstanding any applicability of any Bankruptcy Rules: (a) the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; (b) the Foreign Representative, the DIP Agent, and the DIP Lenders are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20. Notwithstanding anything to the contrary herein, nothing in this Order shall affect, limit, or constitute a determination of the rights of The Cleveland-Cliffs Iron Company, Northshore Mining Company, and the Cliffs Mining Company (collectively, "**Cliffs**") or the Debtors with respect to, or the matters at issue in, the adversary proceeding commenced by the Foreign Representative on November 9, 2015 (Adv. Proc. No. 15-51895), the Motion of Foreign Representative for Entry of Order Compelling Performance Under Pellet Sale and Purchase Agreement and Enforcing Automatic Stay Pursuant to Sections 362, 365 and 105(a) of the Bankruptcy Code [D.I. 18] and any pleadings relating thereto, and any existing or future filing in this Court or the Canadian Court relating to Cliffs' obligations, if any, to provide iron ore pellets to Algoma Canada, including any determination regarding the appropriate forum for adjudicating such matters.

21. A copy of this Order, confirmed to be true and correct, shall be served, within three business days of entry of this Order, by facsimile, electronic mail, or first class mail, upon all persons or bodies authorized to administer foreign proceedings of Algoma, all entities against

whom provisional relief was granted pursuant to section 1519 of the Bankruptcy Code, all parties to litigation pending in the U.S. in which any of the Debtors were a party at the time of the filing of the verified chapter 15 petitions, the Office of the U.S. Trustee for the District of Delaware, and such other entities as this Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

22. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: Dec 2, 2015
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE