IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                                           :
*In re:*                                                   :    Chapter 15
                                                           :
**ESSAR STEEL ALGOMA INC.**, *et al.*,[1]                  :    Case No. 15-12271 (BLS)
                                                           :
                                                           :    Jointly Administered
                                                           :
       **Debtors in a foreign proceeding.**    :
---------------------------------------------------------- x
                                                           :
**ESSAR STEEL ALGOMA INC.**, *et al.*                      :    Adv. Proc. No. 15-51895 (BLS)
                                                           :
       **Plaintiffs,**                        :
v.                                                         :
                                                           :
**THE CLEVELAND-CLIFFS IRON**                              :
**COMPANY, CLIFFS MINING COMPANY,**                        :
**and NORTHSHORE MINING COMPANY,**                         :    Proposed Objection Deadline: 6/6/16 at 4:00 p.m. (EDT)
                                                           :    Proposed Hearing Date: 6/7/16 at 11:00 a.m. (EDT)
       **Defendants.**                        :
---------------------------------------------------------- x

**MOTION OF FOREIGN REPRESENTATIVE
FOR ENTRY OF AN ORDER RECOGNIZING AND ENFORCING
ORDER OF ONTARIO SUPERIOR COURT APPROVING THE REINSTATEMENT
AGREEMENT BETWEEN ESSAR AND THE CLEVELAND-CLIFFS IRON
COMPANY, CLIFFS MINING COMPANY, AND NORTHSHORE MINING COMPANY**

Essar Steel Algoma Inc. ("**Essar**"), in its capacity as the foreign representative

(the "**Foreign Representative**") of the above-captioned debtors (collectively, "**Algoma**" or the

"**Debtors**"), who have filed an application in a foreign proceeding (the "**CCAA Proceeding**")

under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the

---

[1] The Debtors in the foreign proceeding and the last four digits of each Debtor's United States Tax Identification Number, Canadian Business Number, Provincial Corporation Number, or Netherlands Chamber of Commerce Number, as applicable, are as follows: Essar Steel Algoma Inc. (0642), Essar Steel Algoma Inc. USA (8788), Essar Steel Algoma (Alberta) ULC (6883), Essar Tech Algoma Inc. (8811), Cannelton Iron Ore Company (9965), and Algoma Holdings B.V. (1679).  The Debtors' principal offices are located at 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada.

RLF1 14569534V.2

"**CCAA**") pending before the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**"), respectfully represents:

## Jurisdiction and Venue

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  These cases have been properly commenced pursuant to 11 U.S.C. § 1504 by the filing of petitions for recognition of the CCAA Proceeding pursuant to 11 U.S.C. § 1515 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "**Local Rules**"), Algoma consents to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

## Relief Requested

4.  Pursuant to sections 105(a), 1507, and 1521 of the Bankruptcy Code, the Foreign Representative files this motion (the "**Motion**") seeking entry of an order substantially in the form annexed hereto as Exhibit A (the "**Proposed Order**") extending comity, and giving full force and effect in the United States (the "**U.S.**"), to the order (the "**Settlement Order**")[2] approving Essar's entry into a settlement agreement (the "**Settlement Agreement**"), a copy of

---

[2] A copy of the Settlement Order is attached to the Proposed Order as Exhibit 1.

which is attached hereto as Exhibit B, with The Cleveland-Cliffs Iron Company, the Cliffs Mining Company, and Northshore Mining Company (collectively, "**Cliffs**") and granting such other and further relief as the Court deems just and proper.

## Background

5.     Algoma operates one of the largest integrated steel manufacturing facilities in Canada, producing high-quality steel and steel products for customers throughout North America. Iron ore pellets are the primary ingredient Algoma uses to produce steel. Without them, Algoma is unable to create steel. From January 2002 until mid-October 2015, Algoma purchased iron ore under a contract (the "**Pellet Sale Agreement**") with Cliffs.

6.     Essar and Cliffs are parties to litigation that commenced in January 2015 in the United States District Court for the Northern District of Ohio (the "**Ohio Litigation**") concerning performance of the Pellet Sale Agreement. In early October 2015, Cliffs delivered a letter (the "**Termination Letter**") purporting to terminate the Pellet Sale Agreement.

7.     On November 9, 2015 (the "**Commencement Date**"), Essar commenced the CCAA Proceeding in the Canadian Court. That same day, the Canadian Court issued an order granting certain provisional relief (the "**CCAA Initial Order**") in connection with the CCAA Proceeding.

8.     Subsequently and also on the Commencement Date, the Foreign Representative commenced these chapter 15 cases by filing on behalf of the Original Debtors,[3] among other

---

[3] The Original Debtors include Algoma Canada, Essar Steel Algoma Inc. USA, Essar Steel Algoma (Alberta) ULC, Essar Tech Algoma Inc., and Cannelton Iron Ore Company. On November 19, 2015, Algoma Holdings B.V. ("**Holdings**") filed an application under the CCAA, and the Canadian Court entered an order (the "**Amended and Restated CCAA Initial Order**") on November 20, 2015 granting certain relief in respect of Holdings and other Debtors in connection with the CCAA Proceeding. Also on November 20, 2016, the Foreign Representative commenced a voluntary chapter 15 case on behalf of Holdings by filing a verified chapter 15 petition seeking recognition by the Court of the CCAA Proceeding as the foreign main proceeding with respect to Holdings under chapter 15 of the Bankruptcy Code. On December 14, 2015, the Court entered the *Supplemental Order Directing*

things, (i) verified chapter 15 petitions seeking recognition by the Court of the CCAA Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code, (ii) the *Motion of Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362 364(e), 365, 1517, 1519, 1520, 1521, and 105(a) of the Bankruptcy Code* [Docket No. 8] (the "**Recognition and Relief Motion**"), (iii) the *Motion of Foreign Representative for Entry of Order Compelling Performance under Pellet Sale and Purchase Agreement and Enforcing Automatic Stay Pursuant to Sections 362, 365 and 105(a) of the Bankruptcy Code* [Docket No. 17] (the "**Motion to Compel**"), and (iv) the *Verified Complaint for Declaratory Judgment* [Docket No. 21; Adv. Proc. D.I. 1] (the "**Complaint**"), which initiated Adversary Proceeding No. 15-51895 (the "**Adversary Proceeding**"), against Cliffs seeking, among other things, a declaration that the Pellet Sale Agreement is in full force and effect and to compel Cliffs' performance thereunder.

9. On November 18, 2015, Essar filed a motion in the CCAA Proceeding seeking a declaration that Cliffs was a critical supplier to Essar and an order compelling Cliffs to continue to supply under the Pellet Sale Agreement (the "**CCAA Critical Supplier Motion**").

10. On December 1, 2015, the Court entered the *Final Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Pursuant to Sections 362, 364(e), 365, 1517, 1519, 1520, 1521, and 105(a) of the Bankruptcy Code* [Docket No. 97] (as has been amended [Docket No. 100] and supplemented [Docket No. 126], the "**Recognition Order**").

11. On December 8, 2015, Essar served a motion (the "**CCAA Litigation**") in the CCAA Proceeding seeking declarations that: (i) Cliffs' termination of the Pellet Sale Agreement

---

*Final Recognition Order in Chapter 15 Cases of Essar Steel Algoma, Inc. et al. Be Made Applicable to Algoma Holdings B.V. Pursuant to Section 105(a) of Bankruptcy Code* [Docket No. 126].

4

was not effective; (ii) the Pellet Sale Agreement remains in full force and effect; and (iii) Cliffs must supply iron ore to Essar under the Pellet Sale Agreement, as well as an order directing Cliffs to comply with the Pellet Sale Agreement and to pay damages to Essar resulting from the termination of the Pellet Sale Agreement.  On January 25, 2016, the Canadian Court issued an order "conclud[ing] that this Court does have jurisdiction over the claim of Algoma against Cliffs" for relief in connection with the Pellet Sale Agreement, "and that Cliffs has not established that Ontario is not the convenient forum for the dispute. What the procedure will be to determine the dispute has not yet been settled." *Re: Essar Steel Algoma Inc. Et al*, 2016 ONSC 595 at 2.

12.    On February 22, 2016, the Court entered the *Order Pursuant to February 10, 2016 Telephonic Status Conference* [Docket No. 178] (the "**Abeyance Order**") holding in abeyance the Motion to Compel and prosecution of the Adversary Proceeding pending a final resolution of the CCAA Litigation.  The Abeyance Order also held in abeyance various motions filed by Cliffs in the chapter 15 cases and Adversary Proceeding and styled:

(a)    *Motion for Determination that the Court Lacks Authority to Enter Final Orders or Judgments as to the Adversary Proceeding* [Adv. Proc. D.I. 5];

(b)    *Motion for Withdrawal of the Reference* [Adv. Proc. D.I. 14]; and

(c)    *Motion of Cliffs for Entry of an Order, Pursuant to Sections 105(a), 362(d), 1517(d), 1520, and 1521 of the Bankruptcy Code, Modifying the Automatic Stay and this Court's Recognition Order Dated December 2, 2015 so as to Permit Defendants to Continue Litigation in the Northern District of Ohio* [Docket No. 129] (collectively, the "**Cliffs' Motions**").

13. On April 14, 2016, the Court entered the *Order Extending Time to Serve Summons and Complaint* [Adv. Proc. D.I. 59] (the "**Summons Extension Order**") further holding in abeyance prosecution of the Adversary Proceeding.

14. Absent the Settlement, a trial in the Canadian Court was scheduled to commence on May 9, 2016.

## The Settlement[4]

15. On or about May 16, 2016, after extensive negotiations, Essar and Cliffs reached the terms of the Settlement Agreement, which, subject to the satisfaction of certain conditions, resolves and settles the Ohio Litigation, the Adversary Proceeding, the CCAA Critical Supplier Motion, the Motion to Compel, the Cliffs' Motions and the CCAA Litigation (collectively, the "**Pending Litigation**") and all claims between Essar and Cliffs (collectively, the "**Parties**") relating to the Pellet Sale Agreement. The Settlement Agreement also contemplates the reinstatement of the Pellet Sale Agreement.

16. More specifically, the terms of the Settlement Agreement provide for (i) reinstatement of the Pellet Sale Agreement, but with performance suspended until January 2017 and the Parties entering into a separate supply agreement for the remainder of 2016, and (ii) dismissal or withdrawal, as the case may be, on consent and with prejudice of any and all litigation between the Parties related to the Pellet Sale Agreement without costs, including the Pending Litigation, and (iii) the execution of an agreement providing mutual releases between the Parties.

17. The effectiveness of the Settlement Agreement is subject to two primary conditions. First, the Canadian Court must have issued the Settlement Order on or before May

---

[4] To the extent this summary of the Settlement Agreement conflicts with the actual terms of the Settlement Agreement, the terms of the Settlement Agreement control.

30, 2016, or as soon thereafter as the Canadian Court is available, authorizing Essar to enter into the Settlement Agreement. And second, this Court must enter an order recognizing and enforcing the Settlement Order on or before June 8, 2016, or as soon thereafter as this Court is available.

18. The Canadian Court issued the Settlement Order on May 27, 2016, a copy of which is attached as <u>Exhibit 1</u> to the Proposed Order.

**Relief Requested Should be Granted**

19. By this Motion, the Foreign Representative seeks, pursuant to sections 1507, 1521, and 105(a) of the Bankruptcy Code, the recognition and enforcement of the Settlement Order by this Court in both the Adversary Proceeding and the chapter 15 cases. Such relief is consistent with relief granted in other chapter 15 cases (and in plenary cases under the Bankruptcy Code).

20. Chapter 15 embodies principles of international comity and cooperation that weigh in favor of recognition and enforcement of the Settlement Order in the U.S. *See In re Fairfield Sentry Ltd.*, 484 B.R. 625, 626 (Bankr. S.D.N.Y. 2013) ("Chapter 15 emanates from and was designed around this central concept of comity, as evidenced by its primary purpose and deferential framework for international judicial cooperation."). Under these principles "a foreign judgment should generally be accorded comity if its proceedings are 'fair and impartial.'" *Collins v. Oilsands Quest, Inc.*, 484 B.R. 593 (S.D.N.Y. 2012) (citing *In re Ephedra Prods. Liability Litig.*, 349 B.R. 333, 336 (S.D.N.Y. 2006)).

21. In addition to general principles of comity, sections 1507 and 1521 of the Bankruptcy Code provide specific bases for a court overseeing a chapter 15 proceeding to provide additional relief to a foreign representative following the recognition of a foreign proceeding.

22. In *Ad Hoc Grp. of Vitro Noteholders v. Vitro SAB De CV (In re Vitro SAB De CV)*, 701 F.3d 1031 (5th Cir. 2012), the Fifth Circuit Court of Appeals considered the relationship between sections 1521 and 1507 of the Bankruptcy Code and established an analytical framework for considering requests for relief under chapter 15. First, a court should consider whether the requested relief falls under one of the explicit provisions of Section 1521. *Id.* Second, and only if the requested relief does not fall within one of Section 1521's explicit provisions, a court then considers whether the requested relief constitutes "appropriate relief" under Section 1521(a)(7). "Appropriate relief" is coextensive with the relief provided under former section 304 of the Bankruptcy Code or otherwise available in the U.S. *Vitro*, 701 F.3d at 1056. Last, if the requested relief goes beyond the relief previously available under Section 304 or currently available under U.S. law, then a court must consider Section 1507, which allows for "more extraordinary" relief than Section 1521. *Id.* at 1507.

**I.    The Settlement Order Should Be Recognized and Enforced Under Section 1521**

23. Section 1521(a) provides that, upon recognition of a foreign proceeding, and "where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of any creditors, the court may grant any appropriate relief . . . ." 11 U.S.C. § 1521(a). Such relief includes, among other things, "granting any additional relief that may be available to a trustee . . . ." 11 U.S.C. § 1521(a)(7).

24. Section 1521(a), which has been held to be coextensive with relief otherwise available under the law of the U.S., allows the Court to recognize and enforce the Settlement Order and thereby give effect to the Settlement Agreement in the U.S. *See Vitro*, 701 F.3d at 1056.

25. As described above, the supply of iron ore is critical to the success of Algoma's business. The Settlement Agreement reinstates the Pellet Sale Agreement with Cliffs, which will

8

provide Algoma with an economic and secure supply of iron ore pellets.  It also resolves and settles the Pending Litigation and all claims between the Parties related to the Pellet Sale Agreement, thereby allowing Algoma to focus on operating its business and concluding its restructuring efforts.

26.     The relief the Foreign Representative seeks is "additional relief that may be available to a trustee" under Section 1521(a)(7) because a settlement or compromise of pending litigation involving contract claims is similar relief available to a trustee or debtor pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  Indeed, bankruptcy courts routinely hear and approve such matters.  *See*, *e.g.*, *Whyte v. Kivisto, et al. (In re Semcrude L.P.)*, 2010 WL 4814377 (Bankr. D. Del. Nov. 19, 2010).  To the extent the Canadian Court must authorize Essar to enter into the Settlement Agreement, similar relief is also available to a trustee or debtor in possession pursuant to sections 363 and 365 of the Bankruptcy Code.  The relief sought in the CCAA Proceeding is coextensive with relief otherwise available under U.S. law.[5]  *See Vitro*, 701 F.3d at 1056.  Thus, the relief is "additional relief" available to a trustee or debtor and, therefore, appropriate relief under Section 1521(a)(7).

27.     Accordingly, pursuant to section 1521(a)(7), the Court should recognize and enforce the Settlement Order because such relief is "additional relief that may be available to a trustee."

---

[5] For the avoidance of doubt, the Foreign Representative is not requesting the Court to approve the Settlement under the Fed. R. Bankr. P. 9019 or authorize Essar to enter into the Settlement Agreement under the business judgment standard.  The Foreign Representative requests only that this Court recognize and enforce the Settlement Order in the U.S.  Nonetheless, and solely for illustrative purposes, the *Martin* factors that bankruptcy courts in the Third Circuit apply to motions to compromise similar claims under Bankruptcy Rule 9019 are present here.  *In re Martin*, 91 F.3d 389 (3d Cir. 1996).  For example, the Pending Litigation is complex; indeed, it spans three jurisdictions and two countries and has been hotly litigated.  The settlement furthers the paramount interests of creditors because, among other things (i) resolution of the Pending Litigation preserves Algoma's resources, and (ii) reinstatement of the Pellet Sale Agreement will allow Algoma to receive an economic and secure supply of iron ore pellets for its business.  Lastly, the settlement is the result of extensive, arms'-length negotiations and, for the same reasons, is a sound exercise of Algoma's business judgment.

## II. The Settlement Order Should Be Recognized and Is Enforceable Under Section 1507

28.     In the alternative, the Foreign Representative respectfully submits that recognition and enforcement of the Settlement Order is also warranted as "additional assistance" under Section 1507 for the reasons discussed above.

29.     Section 1507 empowers a court to provide "additional assistance" to a foreign representative provided that, "consistent with principles of comity," such assistance will reasonably assure: (i) just treatment of all holders of claims against or interests in the debtor's property; (ii) protection of claim holders in the U.S. against prejudice and inconvenience in the processing of claims in such foreign proceeding; (iii) prevention of preferential or fraudulent disposition of property of the debtor; (iv) distribution of proceeds of the debtor's property substantially in accordance with the order prescribed by this title; and (v) if appropriate, the provision of an opportunity for a fresh start for the individual that such foreign representative concerns.  11 U.S.C. § 1507.

30.     The Settlement and the terms of the Settlement Agreement satisfy (and do not offend) all of the factors that must be considered when granting relief under Section 1507.

31.     The Settlement Agreement is the product of extensive negotiations between Essar and Cliffs.  Upon issuance of the Settlement Order in the CCAA Proceeding and the satisfaction of other conditions precedent to the effectiveness of the Settlement Agreement, (i) the Pellet Sale Agreement will be reinstated, but with performance suspended until January 2017, with the Parties entering into a separate supply agreement for the remainder of 2016, (ii) the Pending Litigation will be dismissed or withdrawn as necessary, and (iii) the Parties will execute mutual releases.

32. The resolution of the Pending Litigation will preserve Algoma's resources, and reinstatement of the Pellet Sale Agreement will provide Algoma with an economic and secure supply of iron ore pellets from Cliffs. The Settlement and the Settlement Agreement will allow Algoma to focus on its business and the resolution of its international restructuring efforts.

33. In chapter 15 proceedings, courts have recognized that "[p]rinciples of enforcement of foreign judgments and comity in chapter 15 cases strongly counsel approval of enforcement in the United States" of a settlement order issued in the foreign main proceeding under Section 1507. *In re Sino-Forest Corp.*, 501 B.R. 655, 662 (Bankr. S.D.N.Y. 2013) (granting motion to recognize settlement order of Ontario Court) (quoting *In re Metcalfe & Mansfield Alternative Investments*, 421 B.R. 685, 696 (Bankr. S.D.N.Y. 2010)).

34. Accordingly, the Foreign Representative respectfully submits that recognition and enforcement of the Settlement Order in the U.S. pursuant to Section 1507 of the Bankruptcy Code is appropriate.

### III.    The Requested Relief Does Not Violate Section 1506

35. The recognition and enforcement of the Settlement Order does not violate Section 1506 of the Bankruptcy Code, which provides that a court may refuse to take an action governed by chapter 15 if such "action would be manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506. The legislative history of Section 1506 makes clear that this exception should be "narrowly interpreted" and is restricted to "the most fundamental policies of the United States." *In re Ephedra*, 349 B.R. at 336 (citing H.R. REP. NO. 109031(I), at 109 (2005) reprinted in 2005 U.S.C.C.A.N. 88, 172).

36. The relief requested by this Motion is consistent or substantially in accordance with applicable standards in plenary cases under the Bankruptcy Code, and thus it cannot be contended that the recognition and enforcement of the Settlement Order violates a fundamental

policy of the U.S. Further, there is no question that due process principles would be upheld in approving the Settlement because interested parties in the U.S. and Canada were given notice and the opportunity to raise any objections to the substantive relief requested in the CCAA Proceeding and to the Motion in this Court.

## Conclusion

37. The Foreign Representative respectfully submits that the Settlement Order, if and when issued by the Canadian Court, should be recognized and enforced by this Court in the U.S.

## Notice

38. The Foreign Representative shall provide notice of the Motion to the following parties, or their counsel, if known: (a) all persons or bodies authorized to administer foreign proceedings of the Debtors; (b) principal parties that have appeared in the CCAA Proceeding as of the date of service of the relevant pleading; (c) the Office of the U.S. Trustee for the District of Delaware; (d) White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036-2787 (Attn: Scott Greissman, Esq. and Andrew Ambruoso, Esq.), counsel to Deutsche Bank AG, New York Branch, in its capacity as Term Loan Agent and as DIP Agent, and to Deutsche Bank AG, Canadian Branch, in its capacity as ABL Agent; (e) Wilmington Trust, National Association, 246 Goose Lane, Suite 105, Guilford, CT 06437 (Attn: Essar Steel Algoma Senior Notes Administrator), as Senior Notes Trustee; (f) Wilmington Trust, National Association, 246 Goose Lane, Suite 105, Guilford, CT 06437 (Attn: Essar Steel Algoma Junior Notes Administrator), as Junior Notes Trustee; (g) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Alan W. Kornberg, Esq., Brian Hermann, Esq. and Catherine Goodall, Esq.) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan, Esq. and Maris J. Kandestin, Esq.), counsel to the ad hoc group of noteholders of the 9.5% Senior Secured Notes;

(h) Cassels Brock & Blackwell LLP, 2100 Scotia Plaza, 40 King Street West, Toronto, Ontario, M5H 3C2 (Attn: Ryan C. Jacobs), counsel to the ad hoc group of noteholders of the 14% Junior Secured PIK Notes; (i) Davis Polk & Wardwell, LLP, 450 Lexington Avenue, New York, New York, 10017 (Attn: Damian Schaible, Esq.), counsel to certain Prepetition Term Loan Lenders; (j) Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Gerard Uzzi, Esq.), counsel to Essar Global Fund Limited; (k) Ernst & Young Inc., 222 Bay Street, Toronto, Ontario M5K 1J7 (Attn: Brian M. Denega and Alex F. Morrison), the proposed Monitor in the CCAA Proceeding; (l) the Office of the Delaware Secretary of State; (m) the Internal Revenue Service; (n) the Securities and Exchange Commission; (o) Jones Day, North Point, 901 Lakeside Avenue, Cleveland, OH 44114 (Attn: Robert S. Faxon and Carl E. Black), Jones Day, 600 Brickell Avenue, Brickell World Plaza, Suite 3300, Miami, FL 33131 (Attn: Pedro A. Jimenez), and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, Wilmington, DE 19801 (Attn: Derek C. Abbot and Tamara K. Minott), attorneys for The Cleveland-Cliffs Iron Company, Northshore Mining Company, and Cliffs Mining Company, and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required.

## No Prior Request

39. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the Order, substantially in the form attached hereto as <u>Exhibit A</u> and grant such other and further relief as it deems just and proper.

Dated: May 27, 2016
       Wilmington, Delaware

    */s/ Brett M. Haywood*
    RICHARDS, LAYTON & FINGER, P.A.
    Mark D. Collins (No. 2981)
    Daniel J. DeFranceschi (No. 2732)
    Amanda R. Steele (No. 5530)
    Brett M. Haywood (No. 6166)
    One Rodney Square
    920 North King Street
    Wilmington, Delaware 19801
    Telephone:  (302) 651-7700
    Facsimile:  (302) 651-7701
    Email:  collins@rlf.com
    Email:  defranceschi@rlf.com
    Email:  steele@rlf.com
    Email:  haywood@rlf.com

    -and-

    WEIL, GOTSHAL & MANGES LLP
    Ray C. Schrock, P.C. (admitted *pro hac vice*)
    Matthew S. Barr (admitted *pro hac vice*)
    767 Fifth Avenue
    New York, New York 10153
    Telephone:  (212) 310-8000
    Facsimile:  (212) 310-8007
    Email:  ray.schrock@weil.com
    Email:  matt.barr@weil.com

    *Attorneys for the Foreign Representative*